1   MORGAN, LEWIS & BOCKIUS LLP
2   Christopher J. Banks, State Bar No. 218779
    christopher.banks@morganlewis.com
    Andrew P. Frederick, State Bar No. 284832
3   andrew.frederick@morganlewis.com
    1400 Page Mill Road
4   Palo Alto, CA  94304
    Tel:    +1.650.843.4000
5   Fax:    +1.650.843.4001

6   Attorneys for Defendant
    ICON CLINICAL RESEARCH LLC
7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11

12  | CHRYSTAL L. MILLER, individually and on | Case No. 3:20-cv-4117 |
    behalf of all others similarly situated,

13                                            [San Mateo Superior Court Case No. 20-
                Plaintiff(s),                            CIV-01732]
14
                    v.                        **DEFENDANT ICON CLINICAL
15                                            RESEARCH LLC'S NOTICE OF
    ICON PLC, LYNDA HOLCROFT, DOCS            REMOVAL OF CASE TO FEDERAL
16  GLOBAL, INC., ICON CLINICAL               COURT**
    RESEARCH LLC, and DOES 1 - 100,
17                                            **[28 U.S.C. §§ 1332, 1441, 1446, 1453]**
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

**TABLE OF CONTENTS**

Page

I.     SUMMARY OF COMPLAINT ................................................................................... 1

II.    THE REMOVAL IS TIMELY ................................................................................... 2

III.   DIVERSITY JURISDICTION EXISTS ................................................................... 3

    A.     The Court Has Original Subject Matter Jurisdiction Under CAFA. ...................... 3

        1.     Diversity of Citizenship Exists. ............................................................. 4

            a.     Plaintiff Is a Citizen of California. .................................... 4

            b.     ICON Clinical Research LLC Is a Citizen of Delaware and Pennsylvania. ........................................................... 4

        2.     There Are More Than 100 Putative Class Members ................................ 7

        3.     The Amount-in-Controversy Requirement Is Satisfied. ........................... 7

            a.     Plaintiff's Overtime Claim Places at Least $3,804,172.80 in Controversy. ..................................................... 9

            b.     Plaintiff's Meal and Rest Break Claim Places at Least $2,028,892.16 in Controversy. ...................................... 10

            c.     Plaintiff's Wage Statement Claim Places at Least $164,700 in Controversy. ................................................ 12

            d.     Plaintiff's Waiting Time Penalties Claim Places at Least $455,083.20 in Controversy. ...................................... 13

            e.     Plaintiff's Alleged Attorneys' Fees Place at Least $992,218.20 in Controversy. ...................................... 14

            f.     The Amount in Controversy for Plaintiff's Claims Exceeds $5,000,000. .................................................. 14

IV.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED ........... 15

V.     CONCLUSION ........................................................................................................ 16

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

i

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Arias v. Residence Inn by Marriott,*
936 F.3d 920 (9th Cir. 2019)..........................................................................................7

*Armstrong v. Church of Scientology Int'l,*
243 F.3d 546 (9th Cir. 2000)..........................................................................................4

*Boon v. Allstate Ins. Co.,*
229 F. Supp. 2d 1016 (C.D. Cal. 2002)..........................................................................4

*Brinker v. Superior Court,*
53 Cal. 4th 1004 (2012) ................................................................................................11

*Campbell v. Vitran Exp., Inc.,*
471 F. App'x 646 (9th Cir. 2012) ...................................................................................8

*Carden v. Arkoma Assocs.,*
494 U.S. 185 (1990) ........................................................................................................5

*Carleu v. FCA US LLC,*
2016 WL 304295 (C.D. Cal. Jan. 25, 2016) ..................................................................5

*Chavez v. JPMorgan Chase & Co.,*
888 F.3d 413 (9th Cir. 2018)........................................................................................14

*Cosgrove v. Bartolotta,*
150 F.3d 729 (7th Cir. 1998)..........................................................................................5

*Crummie v. CertifiedSafety, Inc.,*
2017 WL 4544747 (N.D. Cal. Oct. 11, 2017)..............................................................12

*Dart Cherokee Basin Operating Co., LLC v. Owens,*
574 U.S. 81 (2014)..........................................................................................................7

*Feao v. UFP Riverside, LLC,*
2017 WL 2836207 (C.D. Cal. June 29, 2017) .............................................................12

*Fritsch v. Swift Transportation Co. of Arizona, LLC,*
899 F.3d 785 (9th Cir. 2018)........................................................................................14

*Gen. Tech. Applications, Inc. v. Exro Ltda.,*
388 F.3d 114 (4th Cir. 2004)..........................................................................................5

*GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.,*
357 F.3d 827 (8th Cir. 2004)..........................................................................................5

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

3

4

*Gonzales v. CarMax Auto Superstores, LLC,*
    840 F.3d 644 (9th Cir. 2016).................................................................................14

*Handelsman v. Bedford Village Assocs. Ltd P'ship,*
    213 F.3d 48 (2d Cir. 2000)......................................................................................5

5

6

7

*Hertz Corp. v. Friend,*
    559 U.S. 77 (2010)...................................................................................................5

8

9

*In re Quintus Sec. Litig.,*
    148 F. Supp. 2d 967 (N.D. Cal. 2001) ..................................................................14

10

*Johnson v. Columbia Props. Anchorage, LP,*
    437 F.3d 894 (9th Cir. 2006)................................................................................4, 5

11

12

*Kanter v. Warner-Lambert Co.,*
    265 F.3d 853 (9th Cir. 2001)...................................................................................4

13

14

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,*
    199 F. Supp. 2d 993 (C.D. Cal. 2002)......................................................................8

15

*Lew v. Moss,*
    797 F.2d 747 (9th Cir. 1986)...................................................................................4

16

17

*Lewis v. Verizon Communications Inc.,*
    2010 WL 4645465 (9th Cir. 2010)...........................................................................8

18

19

*Lindley Contours, LLC v. AABB Fitness Holdings, Inc.,*
    414 Fed. App'x 62 (9th Cir. 2011)...........................................................................5

20

*Lucas v. Michael Kors (USA), Inc.,*
    2018 WL 2146403 (C.D. Cal. May 9, 2018) .........................................................11

21

22

*Martinez v. Morgan Stanley & Co. Inc.,*
    2010 WL 3123175 (S.D. Cal. Aug. 9, 2010) .........................................................13

23

24

*Mejia v. DHL Express (USA), Inc.,*
    2015 WL 2452755 (C.D. Cal May 21, 2015) ........................................................11

25

*Mortley v. Express Pipe & Supply Co.,*
    2018 WL 708115 (C.D. Cal. Feb. 5, 2018)............................................................11

26

27

*Newcombe v. Adolf Coors Co.,*
    157 F.3d 686 (9th Cir. 1998).....................................................................................7

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

iii

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Oda v. Gucci Am., Inc.*,
2015 WL 93335 (C.D. Cal. Jan. 7, 2015) ...............................................................12

*Rhoades v. Progressive Casualty Ins., Co.*,
410 F. App'x 10 (9th Cir. 2010) ...............................................................................8

*Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*,
374 F.3d 1020 (11th Cir. 2004).................................................................................5

*Sanchez v. Russell Sigler, Inc.*,
2015 WL 12765359 (C.D. Cal. Apr. 28, 2015) ......................................................11

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv.*
*Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*,
602 F.3d 1087 (9th Cir. 2010).................................................................................4

*Wheatley v. MasterBrand Cabinets, LLC*,
2019 WL 688209 (C.D. Cal. Feb. 19, 2019).........................................................11

**STATUTES**

28 U.S.C.
§ 1332................................................................................................ *passim*
§ 1441...............................................................................1, 3, 6, 16
§ 1446........................................................................1, 2, 3, 15, 16
§ 1453.................................................................................................1, 3

Cal. Civ. Proc. Code
§ 338...............................................................................................13
§ 340...............................................................................................12

Cal. Lab. Code
§ 203...............................................................................................13
§ 226................................................................................12, 13, 14
§ 226.7........................................................................................11, 12
§ 510.................................................................................................9
§ 1194.............................................................................................9, 14
§ 1198................................................................................................9

**RULES**

Fed. R. Civ. P. 6 .....................................................................................3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

iv

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**REGULATIONS**

IWC Wage Order 9,
  § 12(A) ............................................................................................................................11

IWC Wage Order,
  § 11(A) ............................................................................................................................10

**OTHER AUTHORITIES**

H.R. Rep. No. 112–10 (2011) ...........................................................................................7

Sen. Rep. No. 109-14 (2005) .............................................................................................7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

v

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant ICON Clinical Research LLC ("ICON Clinical") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Mateo, to the United States District Court for the Northern District of California.  This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because there are over 100 putative class members, minimum diversity exists and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

In support of this removal, ICON Clinical states as follows:

## I.     SUMMARY OF COMPLAINT

1.     On April 20, 2020, Plaintiff Chrystal Miller ("Plaintiff" or "Miller") filed an unverified class action complaint in the Superior Court of the State of California, in and for the County of San Mateo, entitled *Chrystal L. Miller v. ICON plc, Lynda Holcroft, and Does 1 - 100*, Case No. 20-CIV-01732 ("Complaint").  The Complaint alleges five causes of action on behalf of Plaintiff and a putative class under California law: (1) failure to pay overtime wages; (2) failure to provide meal and rest periods; (3) failure to provide accurate, itemized wage statements; (4) failure to timely pay all final wages; and (5) unlawful and unfair business acts and practices. Plaintiff defines the putative class as "[a]ll persons employed in the State of California by Defendant ICON plc as a Clinical Research Associate in any position, including Clinical Research Associate I, Clinical Research Associate II and/or Senior Clinical Research Associate" since April 20, 2016.  Compl., ¶ 11.

2.     Plaintiff's action was therefore commenced after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), codified at 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

3.     On May 22, 2020, Plaintiff caused the Summons, Complaint, Civil Case Cover Sheet, and Certificate Re Complex Case Designation to be served on ICON Clinical and Defendant DOCS Global, Inc. ("DOCS Global")'s process server by hand.  True and correct

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

1

NOTICE OF REMOVAL
Case No. 3:20-v-4117

copies of the Complaint and other documents served therewith are attached as **<u>Exhibit A</u>** and are incorporated by reference.

4.      On April 24, 2020, the superior court issued a Notice of Assignment for All Purposes designating the case as complex.  A true and correct copy of this notice is attached as **<u>Exhibit B</u>** and is incorporated by reference.

5.      On April 27, 2020, Plaintiff filed two amendments to the Complaint naming ICON Clinical and DOCS Global as named defendants.  True and correct copies of these amendments are attached as **<u>Exhibits C and D</u>** and are incorporated by reference.

6.      On May 28, 2020, the superior court issued Case Management Order #1.  A true and correct copy of this case management order is attached as **<u>Exhibit E</u>** and is incorporated by reference.

7.      On May 29, 2020, Plaintiff filed with the superior court proofs of service reflecting service of the Summons, Complaint, and other case initiating documents on ICON Clinical and DOCS Global.  True and correct copies of these proofs of service are attached as **<u>Exhibits F and G</u>** and are incorporated by reference.

8.      On June 16, 2020, Plaintiff caused the Case Management Order #1 to be served on ICON Clinical and DOCS Global and filed a proof of service with the superior court.  A true and correct copy of this proof of service is attached as **<u>Exhibit H</u>** and is incorporated by reference.

9.      On June 18, 2020, ICON Clinical and DOCS Global caused their Answer to the Complaint to be filed with the San Mateo Superior Court and served on Plaintiff's counsel.  A true and correct copy of ICON and DOCS Global's Answer is attached as **<u>Exhibit I</u>** and is incorporated by reference.

10.      Exhibits A through I constitute all the pleadings, process and orders served upon or by defendants, or filed, in the superior court action.

## II.      <u>THE REMOVAL IS TIMELY</u>

11.      This Notice of Removal is timely in that 28 U.S.C. § 1446(b) requires that a notice of removal in a civil action be filed within thirty (30) days after service of the summons and complaint.  28 U.S.C. § 1446(b).  Plaintiff filed his Complaint in the San Mateo County Superior

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

1    Court on April 20, 2020.  ICON Clinical was served with the Complaint on May 22, 2020.  Thirty

2    (30) days from May 22, 2020, is June 21, 2020 – a Sunday.  Since the removal deadline falls on a

3    Sunday, ICON Clinical has until the following court day, *i.e.*, June 22, 2020, to file its Removal.

4    *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that if the last day for an act falls on a Saturday, Sunday,

5    or legal holiday, "the period continues to run until the end of the next day that is not a Saturday,

6    Sunday, or legal holiday").  Because this Removal is filed on or by June 22, 2020, it is timely.

7            12.    No previous Notice of Removal has been filed or made with this Court for the

8    relief sought.

9    **III.    DIVERSITY JURISDICTION EXISTS**

10           **A.    The Court Has Original Subject Matter Jurisdiction Under CAFA.**

11           13.    This lawsuit is one over which this Court has original jurisdiction under 28 U.S.C.

12   § 1453 because it is a civil action within the meaning of the Acts of Congress relating to removal

13   of class actions.  *See* 28 U.S.C. § 1453.

14           14.    This action is brought by a putative representative person on behalf of a proposed

15   class of individuals identified as "[a]ll persons employed in the State of California by Defendant

16   ICON plc as a Clinical Research Associate in any position, including Clinical Research Associate

17   I, Clinical Research Associate II and/or Senior Clinical Research Associate ('Class') at any time

18   commencing on the date four (4) years prior to the filing of the Complaint and through the date of

19   trial (the 'Class Period')."  Compl., ¶ 11.  As such, this matter is a purported class action as that

20   term is defined in the CAFA, 28 U.S.C. § 1332(d)(1)(B), and 28 U.S.C. § 1453.

21           15.    This Court has original subject matter jurisdiction based on diversity of citizenship

22   under CAFA because this matter was brought as a class action, diversity of citizenship exists

23   between one or more members of the purported class and one or more named defendants, the

24   number of proposed class members is 100 or greater, and the amount placed in controversy by

25   Plaintiff's Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs.  28

26   U.S.C. §§ 1332(d)(2), 1453.[1]  Removal is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446

27   ───────────────────
     [1] ICON Clinical does not concede and reserves the right to contest at the appropriate time,

28   Plaintiff's allegations that this action can properly proceed as a class action and/or representative

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

and 1453.

### 1.     Diversity of Citizenship Exists.

16.     In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, such that one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

#### a.     Plaintiff Is a Citizen of California.

17.     "An individual is a citizen of the state in which he is domiciled . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

18.     Plaintiff alleges that she is a citizen of the State of California and was employed by Defendant ICON plc in the State of California from approximately October 9, 2017 until March 19, 2019.  Compl., ¶ 5.  Plaintiff does not allege that she was a citizen of any state other than California and there is no indication that Plaintiff is or was a citizen of states other than California at any time relevant to the Complaint.  Thus, Plaintiff was domiciled in the State of California, and is therefore a citizen of California for purposes of diversity jurisdiction in this matter.

#### b.     ICON Clinical Research LLC Is a Citizen of Delaware and Pennsylvania.

19.     Defendant ICON Clinical Research, LLC is a limited liability company, which is treated the same as unincorporated associations for purposes of citizenship.  *See Johnson v.*

---

action.  ICON Clinical further does not concede that any of Plaintiff's allegations constitute a cause of action under applicable California law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

*Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  "Notwithstanding LLCs'

corporate traits, however, every circuit that has addressed the question treats them like

partnerships for purposes of diversity jurisdiction."  *See id.* (*citing Gen. Tech. Applications, Inc.*

*v. Exro Ltda.,* 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard*

*Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast*

*SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village*

*Assocs. Ltd P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731

(7th Cir. 1998)).

20.    Therefore, for purposes of diversity jurisdiction, the corporate citizenship rule does

not apply to LLCs.  *See* 28 U.S.C. § 1332(c).  Instead, the Ninth Circuit looks to the citizenship of

each of the LLC's members.  *See Johnson*, 437 F.3d at 899; *see also Carden v. Arkoma Assocs.*,

494 U.S. 185, 189 (1990).  Consistent with its sister circuits, the Ninth Circuit has held that, like a

partnership, an LLC is a citizen of every state of which its owners/members are citizens.

*Johnson*, 437 F.3d at 899; *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed.

App'x 62 (9th Cir. 2011).  "If a member of an LLC is a corporation, then the state of

incorporation and its principal place of business must be shown."  *Carleu v. FCA US LLC*, 2016

WL 304295, at *1 (C.D. Cal. Jan. 25, 2016).

21.    Since April 20, 2020, when Plaintiff commenced this action, ICON Clinical has

been a Delaware limited liability company, with its principal place of business in North Wales

Montgomery County, Pennsylvania.  The sole member of ICON Clinical since April 20, 2020 has

been ICON US Holdings, Inc. ("ICON US Holdings").

22.    For diversity purposes, "a corporation shall be deemed to be a citizen of any State

by which it has been incorporated and of the State where it has its principal place of business."

28 U.S.C. § 1332(c)(1).  ICON US Holdings is, and since the commencement of this action has

been, a corporation organized and existing under and by virtue of the laws of the State of

Delaware.  Currently and prior to and since the commencement of this action, ICON US Holdings

has had its corporate headquarters and principal place of business in North Wales Montgomery

County, Pennsylvania.  *Id.*; *see generally Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

1    conclude that 'principal place of business' is best read as referring to the place where a

2    corporation's officers direct, control, and coordinate the corporation's activities" and, "in

3    practice[,] it should normally be the place where the corporation maintains its headquarters—

4    provided that the headquarters is the actual center of direction, control, and coordination, i.e., the

5    'nerve center.'").  ICON US Holdings' headquarters and its executive officers have maintained

6    their offices in Pennsylvania.  These officers have directed, controlled, and coordinated ICON US

7    Holdings' business activities and operations from Pennsylvania.  Accordingly, ICON US

8    Holdings is a citizen of Delaware and Pennsylvania for the purposes of determining diversity.  28

9    U.S.C. § 1332(c)(1).

10          23.    Neither ICON Clinical nor ICON US Holdings have been incorporated in

11   California and neither has had its headquarters or executive offices based in California.

12          24.    Defendants DOCS Global, Inc. and ICON plc also are diverse from Plaintiff

13   because DOCS Global is incorporated in New Jersey with its principal place of business in

14   Pennsylvania and ICON plc is incorporated in Ireland with its principal place of business in

15   Ireland.

16          25.    Based on the Complaint, therefore, at least one member of the putative class is a

17   citizen of a state different from that of one defendant, as the named Plaintiff is a citizen of

18   California, while ICON Clinical is a citizen of Delaware and Pennsylvania.  *See* 28 U.S.C. §

19   1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of

20   plaintiffs is a citizen of a State different from any defendant").  Thus, minimal diversity exists.[2]

21          26.    Although Plaintiff has listed 100 fictitiously-named "Doe" defendants, the

22   citizenship of these "Doe" defendants is disregarded for purposes of removal.  28 U.S.C.

23   § 1441(b)(1) (for purposes of removal, "the citizenship of defendants sued under fictitious names

24

25   [2] Plaintiff has improperly named Lynda Holcroft as an individual defendant.  Contrary to
     Plaintiff's allegations, *see* Compl., ¶ 7, Holcroft is not a "director" of ICON Clinical or any other
26   defendant, rather her job title simply includes the word "director."  In addition, Plaintiff
     incorrectly asserts that Holcroft oversaw and monitored the work of CRAs.  *Id.*  To the contrary,
27   Holcroft lacks any supervisory authority over CRAs, does not oversee their work, and has had no
     input into ICON Clinical's classification of CRAs as exempt employees, the policies ICON
28   Clinical has adopted with respect to CRAs, or how ICON Clinical pays CRAs.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

1   shall be disregarded"); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998)

2   (same).

3   **2.**   **There Are More Than 100 Putative Class Members.**

4   27.   CAFA's requirement that proposed class membership be no less than 100 (28

5   U.S.C. §1332(d)(5)) is satisfied here because the putative class has more than 100 members.

6   During the putative class period of April 20, 2016 through the present, ICON Clinical has

7   employed at least 110 individuals, including Plaintiff, in the positions of Clinical Research

8   Associate I, Clinical Research Associate II, and/or Senior Clinical Research Associate in

9   California (collectively, "CRAs").

10   **3.**   **The Amount-in-Controversy Requirement Is Satisfied.**

11   28.   Pursuant to CAFA, the claims of the individual members in a class action are

12   aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000,

13   exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(6).  A removing defendant "must file in

14   the federal forum a notice of removal 'containing a short and plain statement of the grounds for

15   removal.'"  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014).

16   29.   The "defendant's notice of removal need include only a plausible allegation that

17   the amount in controversy exceeds the jurisdictional threshold."  *Dart*, 574 U.S. at 89.

18   "[D]efendants do not need to prove to a legal certainty that the amount in controversy

19   requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional

20   threshold has been met." *Id.* at 88-89 (quoting H.R.Rep. No. 112–10, p. 16 (2011)); *see also Arias*

21   *v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("[A] removing defendant's

22   notice of removal need not contain evidentiary submissions but only plausible allegations of the

23   jurisdictional elements.").

24   30.   Moreover, the Senate Judiciary Committee's Report on the final version of CAFA

25   makes clear that any doubts regarding the applicability of CAFA should be resolved in favor of

26   federal jurisdiction.  Sen.Rep. No. 109-14, p. 42 (2005) ("If a federal court is uncertain about

27   whether 'all matters in controversy' in a purported class action do not in the aggregate exceed the

28   sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

1  case.").

2      31.    In assessing the amount in controversy, a court must "assume that the allegations

3  of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims

4  made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012)

5  (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001

6  (C.D. Cal. 2002)). In *Vitran,* the court held that it was proper for a defendant in a putative wage

7  and hour class action to establish the amount in controversy requirement for purposes of CAFA

8  by assuming a minimum number of meal and rest period violations per class member per pay

9  period. 471 Fed. App. at 648. Noting that the plaintiffs alleged that their claims were "typical"

10  of the other putative class members, the court also found it proper to multiply the plaintiffs'

11  claimed damages by the number of putative class members in order to meet the amount in

12  controversy requirement. *Id.* at 649.

13      32.    While ICON Clinical denies Plaintiff's factual allegations and denies that she or

14  the putative class she purports to represent are entitled to any of the relief Plaintiff has requested

15  in the Complaint, it is clear that, when the maximum potential value of the claims of Plaintiff and

16  the putative class members are aggregated, the allegations within Plaintiff's Complaint put into

17  controversy an amount in excess of $5,000,000.[3] *Rhoades v. Progressive Casualty Ins., Co.*, 410

18  F. App'x 10, 11 (9th Cir. 2010) ("'Once the proponent of federal jurisdiction has explained

19  plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is

20  legally impossible for the plaintiff to recover that much.'") (quoting *Lewis v. Verizon*

21  *Communications Inc.*, 2010 WL 4645465, 4 (9th Cir. 2010)).

22  _____

23  [3] This Notice of Removal discusses the nature and amount of damages placed at issue by
Plaintiff's Complaint. ICON Clinical's references to specific damage amounts and its citation to

24  comparable cases are provided solely for the purpose of establishing that the amount in
controversy is more likely than not in excess of the jurisdictional minimum. ICON Clinical

25  maintains that each of Plaintiff's claims is without merit and that ICON Clinical is not liable to
Plaintiff or any putative class member. In addition, ICON Clinical denies that liability or

26  damages can be established on a class wide basis. ICON Clinical specifically denies that Plaintiff
or the putative class have suffered any damages as a result of any act or omission by ICON

27  Clinical. No statement or reference contained herein shall constitute an admission of liability or a
suggestion that Plaintiff will or could actually recover any damages based upon the allegations

28  contained in the Complaint or otherwise.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

**a.**   **Plaintiff's Overtime Claim Places at Least $3,804,172.80 in Controversy.**

33.     In her First Cause of Action, Plaintiff alleges that defendants failed to pay her and the putative class members all overtime wages due in violation of Labor Code sections 510, 1194, and 1198.  Compl., ¶¶ 31-44.  Plaintiff alleges that:  "At all relevant times, ICON's Clinical Research Associates in all positions were not compensated at a rate no less than one and a half times their regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek, and were improperly classified as salaried employees, exempt from overtime pay.  Specifically, ICON's Clinical Research Associates in all positions are not properly exempt from overtime pay under any exemption."  Compl., ¶ 23; *see also id.*, ¶ 39 ("Plaintiff and the Class were regularly required to work overtime hours without compensation."), ¶ 28 ("Given her site monitoring duties and assignments, MILLER's performance of her duties and assignments as a Clinical Research Associate was not conducive to working less than eight (8) hours in a day or 40 hours in a week.").

34.     Plaintiff alleges that "throughout her entire employment with ICON" that she "regularly worked more than eight (8) hours in a day and more than 40 hours in a week, including working evenings and on weekends."  Compl., ¶ 26.  Plaintiff further alleges that during her "average work week" she "worked an average of 15-20 hours of uncompensated overtime per week."  *Id.*

35.     In addition, Plaintiff alleges that she and the putative class she purports to represent are thus entitled to recovery of all unpaid wages.  Compl., ¶¶ 39-40.  The class period is alleged to include the four years prior to the date of the filing of the Complaint.  *Id.*, ¶ 11.

36.     During the four (4) year period preceding the filing of this removal (April 20, 2016 through approximately June 16, 2020), ICON Clinical has employed at least 110 individuals as CRAs in California.  Each of the CRAs at issue was or is a full-time employee.  The CRAs who are/were employed by ICON Clinical from April 20, 2016 through approximately June 16, 2020 worked approximately 10,048 weeks in total.  The average salary of the CRAs during the period from April 20, 2016 through approximately June 16, 2020 is approximately $105,000.  Because

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

the CRAs were or are full-time employees, the average regular rate of pay for the CRAs is

approximately $50.48/hr ($105,000 salary / 2,080 hours).

37.     Under Plaintiff's theory of the case and assuming a typical five-day work week, if

the CRAs were denied only one hour of overtime pay per work day (*i.e.*, less than **one-third** of

the "average of 15-20 hours of uncompensated overtime per week" that Plaintiff alleges she

worked throughout her employment with Defendants), the potential amount in controversy would

be: $75.72 (average hourly pay rate of CRAs times one and a half) x 5 hours per week x 10,048

weeks (total workweeks for CRAs from April 20, 2016 through approximately June 16, 2020) =

**$3,804,172.80**.

       **b.**    **Plaintiff's Meal and Rest Break Claim Places at Least**
            **$2,028,892.16 in Controversy.**

38.     In the Second Cause of Action, Plaintiff alleges that "[a]t all relevant times, ICON

did not have a legally compliant meal and rest period policy for its ICON's Clinical Research

Associates. Moreover, during her entire employment with ICON, MILLER would regularly miss

meal and rest periods prescribed by law."  Compl., ¶ 30; *see also id.* ¶ 48 ("Because Plaintiff and

the Class were improperly classified as exempt from overtime pay and meal periods, Defendants

have no policy to provide meal periods to Plaintiff and the Class.  Additionally, Defendants have

failed to provide meal periods to Plaintiff and the Class."), ¶ 52 ("Because Plaintiff and the Class

were improperly classified as exempt from overtime pay and rest periods, Defendants have no

policy to provide rest periods to Plaintiff and the Class.  Additionally, Defendants have failed to

provide rest periods to Plaintiff and the Class.").

39.     The California Industrial Welfare Commission Wage Orders provide in relevant

part that "[n]o employer shall employ any person for a work period of more than five (5) hours

without a meal period of not less than 30 minutes."  IWC Wage Order, § 11(A).  Similarly, the

wage orders provide in relevant part that "[e]very employer shall authorize and permit all

employees to take rest periods . . . . The authorized rest period time shall be based on the total

hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

fraction thereof.  However, a rest period need not be authorized for employees whose total daily

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

1    work time is less than three and one-half (3 1/2) hours."  IWC Wage Order 9, § 12(A).  California

2    Labor Code Section 226.7 provides that if an employer fails to provide a meal or rest period as

3    required by law, the employer shall pay "one additional hour of pay at the employee's regular rate

4    of compensation for each work day that the meal or rest . . . period was not provided."  *See also*

5    *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1039 (2012).

6         40.    Based on the Complaint's allegations, ICON Clinical could reasonably assume that

7    Plaintiff seeks meal and rest period premiums for every day that a CRA has worked.  *See, e.g.*,

8    *Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, at *6 (C.D. Cal. Apr. 28, 2015) (approving a

9    100% violation rate because the complaint alleged "universal deprivation of meal and rest

10    periods" because the defendant allegedly had "at all material times" failed to provide

11    uninterrupted meal and rest periods); *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4

12    (C.D. Cal May 21, 2015) ("It is not unreasonable to assume that when a company has unlawful

13    policies and they are uniformly 'adopted and maintained,' then the company may potentially

14    violate the law in each and every situation where those policies are applied.").

15         41.    Even though ICON Clinical reasonably could assume a 100% violation rate for

16    purposes of removal based on the Complaint's allegations, ICON Clinical conservatively

17    estimates that Plaintiff has put into controversy a meal and rest period violation for every two out

18    of five workdays (*i.e.*, a 40% violation rate).  *See, e.g.*, *Wheatley v. MasterBrand Cabinets, LLC*,

19    2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) ("Because Plaintiff alleges a 'policy' of

20    requiring employees to work through their meal and rest break periods, without specifying a

21    violation rate or offering evidence of a rate lower than that assumed by Defendant, the Court finds

22    Defendant's estimate of five meal break violations and three rest break violations per employee

23    per week reasonable."); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403, at *4 (C.D. Cal.

24    May 9, 2018) (agreeing with the employer that its "assumed violation rate of two missed

25    meal/rest break periods per workweek [was] reasonable in light of the complaint's allegation that

26    [the employer] had a 'consistent policy'" of failing to provide meal and rest periods); *Mortley v.*

27    *Express Pipe & Supply Co.*, 2018 WL 708115, at *4 (C.D. Cal. Feb. 5, 2018) (finding the use of

28    two missed meal and two missed rest periods each week reasonable based on allegations that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

1    defendants had a "company-wide policy and practice of understaffing" resulting in "routine and

2    systematic violations"); *Crummie v. CertifiedSafety, Inc.*, 2017 WL 4544747, at *3 (N.D. Cal.

3    Oct. 11, 2017) (allegations of "uniform policy/practice" supported 50% meal/rest period violation

4    rate); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *3-4 (C.D. Cal. June 29, 2017) (use of

5    three unpaid meal penalties and three unpaid rest break penalties per workweek reasonable based

6    on allegations of "uniform policy and systematic scheme"); *Oda v. Gucci Am., Inc.*, 2015 WL

7    93335, at *5 (C.D. Cal. Jan. 7, 2015) (finding the defendant's "assumption of a 50 percent

8    violation rate . . . reasonable" based on the plaintiff's allegations that class members "sometimes"

9    did not receive all meal periods and that "not all rest periods were given timely, if at all").

10           42.    Assuming that ICON Clinical failed to provide meal and rest periods every two out

11   of five workdays, the potential amount in controversy under Section 226.7 for failing to provide

12   meal and rest breaks to CRAs in California from April 20, 2016 through approximately June 16,

13   2020 would be: $50.48 (average hourly pay rate of CRAs) x 2 (number of meal period violations

14   per workweek) x 2 (number of rest period violations per workweek) x 10,048 weeks (total

15   workweeks for putative class from April 20, 2016 through approximately June 16, 2020) =

16   **$2,028,892.16**.

17                         **c.      Plaintiff's Wage Statement Claim Places at Least $164,700 in
                                     Controversy.**
18

19           43.    In her Third Cause of Action, Plaintiff alleges that "Defendants have failed to

20   provide properly itemized wage statements to Plaintiff and the Class.  Because the wage

21   statements do not include Plaintiff's total working hours, as Plaintiff and the Class regularly work

22   without compensation, the wage statements provided to Plaintiff and the Class were improperly

23   itemized, and thus violate Labor Code §226(a)."  Compl., ¶ 59.

24           44.    Labor Code section 226(e) provides that an employee is entitled to recover the

25   greater of all actual damages or $50 for the initial alleged violation and $100 for each alleged

26   subsequent violation, up to a maximum of $4,000, plus costs and reasonable attorneys' fees, if an

27   employer knowingly and intentionally fails to provide an accurate, itemized wage statement.  Cal.

28   Lab. Code § 226(e).  There is a one-year statute of limitations on this claim.  *See* Cal. Code Civ.

Proc. §340(a); *Martinez v. Morgan Stanley & Co. Inc.*, 2010 WL 3123175, at *6 (S.D. Cal. August 9, 2010).

45.     During the one (1) year period preceding the filing of the removal of this action (April 20, 2019 through approximately June 16, 2020),[4] ICON Clinical issued wage statements to approximately 78 CRAs in California for a total of approximately 1,686 pay periods.  Assuming the wage statements ICON Clinical issued to CRAs in California violate Labor Code section 226, as Plaintiff alleges, the amount of wage statement penalties in controversy for CRAs in California is approximately **$164,700** ((78 total initial pay periods x $50 for the first pay period = $3,900) + (1,608 total subsequent pay periods x $100 per pay period = $160,800)).

### d.     Plaintiff's Waiting Time Penalties Claim Places at Least $455,083.20 in Controversy.

46.     In the Fourth Cause of Action, Plaintiff alleges that "ICON willfully failed to pay Plaintiff and such members of the Class all of their wages due and owing at the time of their termination or resignation with notice or within seventy-two (72) hours of their resignation without notice, and failed to pay those sums for thirty (30) days thereafter."  Compl., ¶ 65. Plaintiff further alleges that "Defendants willful failure to pay wages to Plaintiff and the Class violates Labor Code § 203 because Defendants knew wages were due to Plaintiff and certain members of the Class, but Defendants failed to pay them."  *Id.*, ¶ 66.  On behalf of the putative class, Plaintiff seeks waiting time penalties pursuant to Labor Code § 203, "in the amount of the daily wage of Plaintiff and the Class multiplied by thirty (30) days."  *Id.*, ¶ 67.

47.     The statute of limitations for "waiting time" penalties under Labor Code Section 203 is three years.  *See* Labor Code § 203; Cal. Code of Civ. Pro. § 338.

48.     During the three (3) year period preceding the filing of the removal of this action (April 20, 2017 through approximately June 16, 2020), approximately 39 CRAs separated from their employment with ICON Clinical with an average salary of $101,129.  The regular rate of pay for these CRAs is therefore approximately $48.62 ($101,129 / 2,080).  As such, the amount

---

[4] The statute of limitations for certain penalties for violation of Labor Code provisions is one year.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

13

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

of waiting time penalties at issue, based on Plaintiff's allegations, is approximately **$455,083.20**

(39 formerly employed CRAs x $48.62 per hour x 8 hours per day x 30 days).

              e.       **Plaintiff's Alleged Attorneys' Fees Place at Least $992,218.20 in Controversy.**

49.     Plaintiff seeks to recover attorneys' fees.  Compl., Prayer for Relief, ¶ 8.

Attorneys' fees are properly included in determining the amount in controversy if the law under

which the plaintiff has brought suit allows for their recovery.  *See Fritsch v. Swift Transportation*

*Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles [the plaintiff]

to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the

litigation, and must be included in the amount in controversy."); *Chavez v. JPMorgan Chase &*

*Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840

F.3d 644, 648-49 (9th Cir. 2016)) ("The amount in controversy may include 'damages

(compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as

attorneys' fees awarded under fee shifting statutes.'").

50.     For purposes of class actions, attorneys' fees may be calculated by assuming 25

percent of the potential damages on claims for which attorneys' fees are available.  *In re Quintus*

*Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of

the common fund).  Here, attorneys' fees are available on claims for unpaid overtime, *see* Labor

Code § 1194(a) and wage statement penalties, *see* Labor Code § 226(e)(1).  The amount in

controversy for Plaintiff's unpaid overtime claim is $3,804,172.80 and wage statement penalties

is $164,700.00, for a total of $3,968,872.80.  Therefore, the amount in controversy for attorneys'

fees is **$992,218.20** ($3,968,872.80 x 0.25).

              f.       **The Amount in Controversy for Plaintiff's Claims Exceeds $5,000,000.**

51.     As demonstrated above, the alleged damages on Plaintiff's causes of action total at

least $7,445,066.36, using very conservative estimates on the overtime and meal and rest period

claims.  In addition, Plaintiff also seeks recovery for himself and all putative members for further

causes of action, including minimum wage violations, reimbursement for business expenses,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

14

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

waiting time penalties, and restitution damages due to alleged unfair business practices.  Each of these claims, if added to the aggregate potential damages, further increases the amount in controversy.

52.     Based on the calculations outlined above, the potential total amount in controversy exceeds $5,000,000.00 as follows:

| | | |
|---|---|---|
| A. | Unpaid overtime: | **$3,804,172.80** |
| B. | Meal/rest period premiums: | **$2,028,892.16** |
| C. | Wage statement penalties: | **$164,700.00** |
| D. | Waiting time penalties: | **$455,083.20** |
| E. | Attorneys' fees: | **$992,218.20** |

**TOTAL AMOUNT IN CONTROVERSY:  $7,445,066.36**

53.     Thus, although ICON Clinical denies Plaintiff's allegations and theories of maximum recovery, denies that she or the putative class she purports to represent are entitled to any of the relief for which they have prayed, and expressly reserves all its defenses, based on Plaintiff's allegations, the potential amount in controversy exceeds the $5,000,000 threshold set forth under 28 U.SC. §1332(d)(2).

54.     Therefore, Plaintiff's Complaint satisfies the amount in controversy requirement under CAFA.

**IV.     THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

55.     As set forth above, this Notice of Removal is filed within thirty days of service of process on ICON Clinical and all the pleadings, process and orders served upon or by defendants, or filed, in this action are attached in **Exhibits A – I**.

56.     Venue lies in the Northern District of California as this action was originally brought in the Superior Court of the State of California, County of San Mateo.

57.     As required by 28 U.S.C. § 1446(d), ICON Clinical will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, County of San Mateo.

58.     ICON Clinical is informed and believes and on that basis alleges that other than

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

15

NOTICE OF REMOVAL
Case No. 3:20-cv-4117

1   itself and DOCS Global, Inc. none of the fictitiously-named defendants have been identified by

2   Plaintiff or served with the Summons and Complaint.

3          59.    ICON Clinical has sought no similar relief.

4          60.    The prerequisites for removal under 28 U.S.C. §§ 1332(a), (d), 1441 and 1446

5   have been met.

6          61.    If any question arises as to the propriety of the removal of this action, ICON

7   Clinical requests the opportunity to present a brief and oral argument in support of its position

8   that this case is removable.

9          62.    By this Notice of Removal and the exhibits attached hereto and the documents

10   filed concurrently herewith, ICON Clinical does not intend to make any admissions of fact, law or

11   liability relating to the claims in the Complaint, and it expressly reserves the right to make any

12   and all defenses and motions necessary in its defense against Plaintiff's allegations.

13   **V.**    **<u>CONCLUSION</u>**

14          63.    Pursuant to these statutes and in accordance with the procedures set forth in 28

15   U.S.C. § 1446, ICON Clinical prays that the above-captioned action pending in the Superior

16   Court of the State of California, County of San Mateo, be removed therefrom to the United States

17   District Court for the Northern District of California.

18   Dated:  June 22, 2020          MORGAN, LEWIS & BOCKIUS LLP

19

20                       By     */s/ Andrew P. Frederick*
                                  Christopher Banks

21                                 Andrew P. Frederick

22                       Attorneys for Defendant
                       ICON CLINICAL RESEARCH LLC

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

16

NOTICE OF REMOVAL
Case No. 3:20-cv-4117