# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ICON PLC; LYNDA HOLCROFT; and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHRYSTAL L. MILLER, individually and on behalf of all others similarly situated

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON    **4/20/2020**
By    */s/ Mia Marlowe*
Deputy Clerk

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*  SUPERIOR COURT, COUNTY OF SAN MATEO
400 County Center, Redwood City, CA 94063

</td><td>

CASE NUMBER: *(Número del Caso):*

**20-CIV-01732**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Patrick N. Keegan, Esq., Keegan & Baker, LLP, 2292 Faraday Avenue, Suite 100, Carlsbad, CA 92008; (760) 929-9303

<table>
<tr><td>DATE:<br>*(Fecha)*    4/20/2020</td><td>Neal I. Taniguchi Clerk, by<br>*(Secretario)*</td><td>*/s/ Mia Marlowe*</td><td>, Deputy<br>*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☒☒ as the person sued under the fictitious name of *(specify):* DOE 1
3. ☒☒ on behalf of *(specify):* ICON Clinical Research LLC, sued herein as DOE 1

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☒☒ other *(specify):* Limited Liability Company - California Corporation Code 17061
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

| Attorney or Party without Attorney (Name/Address)<br>Patrick N. Keegan, Esq. (SBN 167698)<br>Keegan & Baker LLP, 2292 Faraday Ave. Ste. 100, Carlsbad CA 92008<br>Telephone: (760) 929-9303 | FOR COURT USE ONLY<br>**Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON       **4/27/2020**<br>By       **/s/ Wai Shan Lee**<br>**Deputy Clerk** |
|---|---|
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA  94063 | |
| Plaintiff       CHRYSTAL L. MILLER | |
| Defendant       ICON PLC, et al. | |
| **AMENDMENT TO COMPLAINT** | Case Number<br>20-CIV-01732 |

### FICTITIOUS NAME (no order required)

Upon filing the complaint herein, Plaintiff(s) being ignorant of the true name of a Defendant and having

designated said Defendant in the complaint by the fictitious name of __Doe 1__

and having discovered the true name of said Defendant to be __ICON Clinical Research LLC__

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

DATED: April 27, 2020          _____s/ Patrick N. Keegan_____
                                                          ATTORNEYS FOR PLAINTIFF(S)

### INCORRECT NAME (requires order thereon)

Plaintiff(s) having designated a Defendant in the complaint by the incorrect name of _____

and having discovered the true name of the said Defendant to be _____

hereby amends the complaint by inserting such true name in place and stead of such incorrect name wherever it

appears in said complaint.

_____
ATTORNEYS FOR PLAINTIFF(S)

### ORDER

Proper cause appearing Plaintiff(s) is / are allowed to file the above amendment to the complaint.

DATED:          _____
                                    JUDGE OF THE SUPERIOR COURT

CV-1 [Rev. 3/04]                                    www.sanmateocourt.org

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON      4/20/2020
By      /s/ Mia Marlowe
        Deputy Clerk

1  Patrick N. Keegan, Esq. (SBN 167698)
   pkeegan@keeganbaker.com
2  **KEEGAN & BAKER, LLP**
   2292 Faraday Avenue, Suite 100
3  Carlsbad, California 92008
   Telephone: (760) 929-9303
4  Facsimile:  (760) 929-9260

5  Attorney for Plaintiff
   CHRYSTAL L. MILLER
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **IN AND FOR THE COUNTY OF SAN MATEO**

10 CHRYSTAL L. MILLER, individually and on      ) Case No.:  20-CIV-01732
   behalf of all others similarly situated,       )
11                                                 )
                                                   ) **CLASS ACTION COMPLAINT FOR**
12                      Plaintiff(s),              ) **DAMAGES AND RESTITUTION  FOR**
                                                   ) **VIOLATIONS OF THE LABOR CODE,**
13                                                 ) **AND THE BUSINESS AND PROFESSIONS**
        vs.                                        ) **CODE §§ 17200, ET SEQ.**
14                                                 )
15 ICON PLC; LYNDA HOLCROFT; and DOES 1-          )
   100;                                            ) **DEMAND FOR JURY TRIAL**
16                                                 )
                                                   )
17                     Defendant(s).              )

18
        Plaintiff CHRYSTAL L. MILLER (hereinafter "Plaintiff" or "MILLER") by her attorneys,
19
   individually and on behalf of all others similarly situated, alleges upon personal knowledge as to
20
   herself and her acts stated herein, and as to all other matters upon information and belief as follows:
21
22         1.      This lawsuit alleges causes of action for violations of the Labor Code, IWC Wage

23 Order No. 4-2001, and the Business and Professions Code §§ 17200, et seq.  Plaintiff, on behalf of

24 herself and all others similarly situated as current and former employees of Defendant ICON plc (or

25 "ICON"), seek damages and restitution, including the unpaid balance of earned overtime wages,

26 premium wages for missed meal and rest periods, penalties, and interest, as well as attorney's fees

27 and costs of this litigation.
28

## I.   JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action under the Code of Civil Procedure § 410.10 since Defendant ICON plc has a regional headquarters at and does business at 601 Gateway Blvd., Suite 1250, South San Francisco, CA 94080.

3.     Venue is proper in this Court under Business & Professions Code § 17203, and Code of Civil Procedure §§ 395(a) and 395.5, because Plaintiff, on behalf of all other persons similarly situated, is seeking damages in excess of the jurisdictional minimum of this Court; Defendant ICON plc at all times mentioned herein has maintained a regional headquarters in San Mateo County, has transacted business within this judicial district, in the San Mateo County and in the State of California; and the violations of law herein described have been committed within this judicial district, in the San Mateo County and in the State of California.  Moreover, by doing business in this judicial district and committing violations of the Labor Code and the Business and Professions Code in this judicial district, Defendants' conduct has had an adverse effect upon the finances of residents of this judicial district.

4.     Further, this action does not qualify for federal jurisdiction under the Class Action Fairness Act because this action qualifies for the local controversy exception under 28 U.S.C. § 1332(d)(4)(A) because (1) more than two-thirds, if not all, of the proposed Class consists of California citizens, (2) Defendant Lynda Holcroft is also a citizen of the State of California, (3) all the damages occur within the State of California, and (4) within the past three years, no competing class action has been filed.

## II.   PARTIES

### A.   PLAINTIFF

5.     Plaintiff CHRYSTAL L. MILLER is a citizen of the state of California, and was (and has been) employed by Defendant ICON plc in the state of California from approximately October 9, 2017 to the date of her resignation on March 19, 2019.  During her employment with Defendant ICON

- 2 -

1  plc, MILLER was employed as a Clinical Research Associate in the position of a Clinical Research

2  Associate II.

3  **B.    DEFENDANTS**

4      6.      Defendant ICON plc is a public limited company incorporated in the Republic of

5  Ireland, whose principal executive office is located in Dublin, Republic of Ireland, and who keeps

6  and maintains a regional headquarters located at 601 Gateway Blvd., Suite 1250, South San Francisco,

7  CA 94080.  ICON's ordinary shares are traded on the NASDAQ market under the trading symbol

8  ICLR (NasdaqGS), and is considered a foreign private issuer.  At all relevant times hereto, ICON has

9  done business in California and in this judicial district, has employed members of the Class in

10  California and in this judicial district, and Defendants have controlled the conditions of employment

11  and the method of the payment of wages to Plaintiff and each member of the Class in California and

12  in this judicial district.  Nevertheless, ICON has never obtained a "certificate of qualification" from

13  the California Secretary of State to do business in California, and ICON has never been and is not

14  now qualified with the California Secretary of State to do business in California.

15      7.      Defendant LYNDA HOLCROFT is a citizen of the State of California, and currently

16  and continuously since April 2016 has been employed by ICON, first, in the position of Director,

17  Clinical Trial Management, during the time of Plaintiff's employment, and currently in the position

18  of Director, Clinical Trial Management.  In her capacity as a Director, LYNDA HOLCROFT oversaw

19  the work of Clinical Research Associates, by providing guidance and oversight to the clinical trial

20  monitoring employees ensuring adherence to project scope, SOPs, timelines, and budget requirements

21  and is being sued in her capacity as a Director of ICON, and is personally liable under Labor Code §

22  558.1 as a natural person who is an owner, director, officer, or managing agent of ICON, Plaintiff's

23  and the Class' employer.

24      8.      Plaintiff is unaware of the true names and capacities of the defendants sued herein as

25  DOES 1 through 100, and therefore sues these defendants by such fictitious names.  Plaintiff alleges

- 3 -

on information and belief that at all relevant times each of the DOE defendants was responsible in some manner for the acts, omissions and occurrences herein alleged and Plaintiff's damages were proximately caused thereby. Plaintiff will amend this complaint to allege the true names and capacities of the DOE defendants after they have been ascertained. Plaintiff is informed and believe, and based thereon allege, that the this Court has both subject matter and personal jurisdiction over DOES 1 through 100, inclusive, and that venue is proper in this Court with respect to those defendants. Any reference made to a named defendant by specific name or otherwise, individually or plural, is also a reference to the actions or inactions of DOES 1 through 100, inclusive.

9.    Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, Defendants and DOES 1 through 100, inclusive, were the owners, directors, officers, agents, representatives, partners, shareholders, and related or affiliated entities of Defendants, and/or natural persons who are the owners, directors, officers, or managing agents of ICON, Plaintiff's and the Class' employer, and in doing the things hereinafter mentioned, were acting in the course and scope of their agency, employment, relationship or retention with the permission, consent, authority and ratification of Defendants. Plaintiff is presently unaware of the true names and identities of those defendants fictitiously sued herein as DOES 1 through 100.

### III.    CLASS ACTION ALLEGATIONS

10.    This action has been brought and may be maintained as a class action under Code of Civil Procedure § 382 because the proposed class is easily ascertainable and there is a well-defined community of interest in the litigation, as described further below.

11.    Plaintiff brings this action on behalf of herself and all other persons similarly situated pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a class of persons defined as follows:

> All persons employed in the State of California by Defendant ICON plc as a Clinical Research Associate in any position, including Clinical Research Associate I, Clinical Research Associate II and/or Senior Clinical Research Associate ("Class") at any time commencing on

- 4 -

the date four (4) years prior to the filing of this Complaint and through the date of trial (the "Class Period").

Defendants and their shareholders, officers, directors, and managing agents are excluded from the Class. Plaintiff is informed and believes that over two-thirds of the Class are citizens of the state of California. Plaintiff reserves the right under California Rule of Court 3.765 to amend or modify the Class definition and Class Period with greater particularity or further division into subclasses or limitation to particular issues as warranted as additional facts are discovered by Plaintiff during her future investigations.

12.     This action is properly maintainable as a class action. Although Plaintiff does not, as yet, know the exact size of the Class, based upon the nature of ICON's business, Plaintiff believes that there are numerous Class members, and that Class members are geographically dispersed throughout the state of California. Thus, the Class is sufficiently numerous to make joinder impracticable, if not completely impossible. The disposition of the claims of the members of the Class through this class action will benefit both the parties and this Court. In addition, the Class is readily identifiable from information and records in the possession of ICON, the Class and third parties.

13.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a.  Whether Defendants properly classified Plaintiff and other members of the Class as exempt from overtime compensation;
   b.  Whether Plaintiff and other members of the Class worked more than eight (8) hours in a day or more than forty (40) hours in a week without overtime compensation;
   c.  Whether Defendants failed to pay Plaintiff and other members of the Class for their overtime labor;
   d.  Whether Defendants failed to provide meal and/or rest periods to Plaintiff and other members of the Class;
   e.  Whether Defendants failed to record and/or provide Plaintiff and other members of the Class accurate itemized wage statements;

- 5 -
CLASS ACTION COMPLAINT

f. Whether Defendants failed to pay Plaintiff and other members of the Class all wages owed upon termination or resignation;

g. Whether Defendants' conduct violates the Labor Code;

h. Whether Defendants' conduct violates IWC Wage Order No. 4-2001; and

i. Whether Defendants' conduct is unlawful and/or unfair constituting violations of Business and Professions Code §§ 17200, et seq.

14. Plaintiff and the Class members' claims for restitution and damages arise from and were caused by Defendants' denial and failure to provide overtime wages, failure to provide meal and rest periods (and their nonpayment of premium wages in exchange therefore), failure to pay for all hours worked, failure to pay for all wages owed upon termination, and failure to provide accurate itemized wage statements. Since Plaintiff's claims and the claims of the Class members all derived from a common nucleus of operative facts, Plaintiff asserts claims that are typical of the claims of the Class since she, at all material times mentioned herein, was employed by ICON as a Clinical Research Associate in the position of a Clinical Research Associate II in the state of California; worked more than eight (8) hours in any given day and more than forty (40) hours in any given week; did not receive compensation for all hours worked, including overtime compensation, meal periods, or rest periods; did not receive itemized wage statements; and was not paid all wages upon termination.

15. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interest that is contrary to or in conflict with those members of the Class she seeks to represent. Furthermore, Plaintiff has retained counsel experienced and competent in the prosecution of complex class action litigation involving the Labor Code violations alleged herein to further ensure such protection and she intends to prosecute this action vigorously.

16. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the party opposing the Class and would lead to repetitious trials of the numerous common questions of fact and law. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its

maintenance as a class action.  As a result, a class action is far superior to other available methods for the fair and efficient adjudication of this controversy.

17.     Proper and sufficient notice of this action may be provided to the Class members through notice by such means as direct mail, electronic mail, publication on the internet, and/or television, radio, and/or print media outlets.

18.     Plaintiff and the Class have suffered irreparable harm and damages as a result of Defendants' wrongful conduct as alleged herein.  Absent a representative action, Plaintiff and the Class will continue to suffer losses, thereby allowing these violations of law to proceed without remedy, and allowing Defendants to retain the proceeds of their ill-gotten gains.

19.     In addition, Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

**IV.     SUBSTANTIVE FACTS COMMON TO THE PLAINTIFF AND THE CLASS**

20.     According to its Form 10-K, ICON is a public limited company incorporated in the Republic of Ireland, which together with its subsidiary undertakings ("the Subsidiaries", with ICON and the Subsidiaries being together "the Group"), operates as "a clinical research organization ('CRO'), providing outsourced development services on a global basis to the pharmaceutical, biotechnology and medical device industries.  The Group specialises (sic) in the strategic development, management and analysis of programmes (sic) that support all stages of the clinical development process - from compound selection to Phase I-IV clinical studies. The Group's mission is to accelerate the development of drugs and devices...." ICON competes with CROs, i.e. Clinical Research Organizations.  ICON states that "[t]he CRO industry is highly competitive. In particular, we compete with other large global CROs for strategic relationships with large pharmaceutical companies." ICON contracts with biotechnology and pharmaceutical companies to perform a wide range of services to assist them in bringing new drugs to market. To that end, ICON "believes that it is one of a select number of CROs with the expertise and capability to conduct clinical trials in most

- 7 -

major therapeutic areas on a global basis and has the operational flexibility to provide development services on a stand alone basis or as part of an integrated 'full service' solution." Such services are subject to contractual requirements, government regulations, and ethical considerations. For example, ICON is subject to regulation by the FDA and comparable non-U.S. regulatory authorities relating to our activities in conducting pre-clinical and clinical trials. The clinical trial process must be conducted in accordance with regulations promulgated by the FDA under the Federal Food, Drug and Cosmetic Act, which requires developmental drugs to be tested and studied in certain ways. In the United States, before human clinical testing may begin, a manufacturer must file an IND with the FDA. Further, an IRB for each medical center proposing to participate in the clinical trial must review and approve the protocol for the clinical trial before the medical center's investigators participate. Once initiated, clinical trials must be conducted pursuant to and in accordance with the applicable IND, the requirements of the relevant IRBs, and GCP regulations. Similarly, before clinical trials begin, a developmental drug is tested in pre-clinical studies that are expected to comply with Good Laboratory Practice requirements. ICON is also subject to regulation by the DEA which regulates the distribution, recordkeeping, handling, security, and disposal of controlled substances.  ICON further highlighted that "[d]uring 2018 we further developed the CNS Rating Scale Analytics leveraging our ICONIK platform. This is enabling a data driven approach to rating surveillance that increases the consistency of both Clinical and Patient Reported Outcomes in CNS studies." ICON contracts with physicians "who serve as investigators in conducting clinical trials to test new drugs on their patients." ICON's contracted physicians are typically located "in hospitals, clinics or other similar sites." ICON's contracted physicians serve as "Investigators [who] supervise administration of the study drug to patients during the course of the clinical trial."  ICON's profits from the labor of ICON's Clinical Research Associates by billing ICON's biopharmaceutical customers for their hours worked.  As a result, ICON requires ICON's Clinical Research Associates to record all of their working hours on a weekly basis in ICON's on-line timekeeping system, which is thereafter reviewed and approved by

- 8 -

ICON's management, so that ICON's business could bill ICON's biopharmaceutical customers for such labor and time recorded.

21.     ICON competes with other CROs and seeks to prevent the loss of its top five customers by cutting labor costs, achieved in part by unfairly and unlawfully failing to pay Clinical Research Associates for their overtime labor and wrongfully classifying them as exempt from overtime pay. ICON states that "[d]uring the year ended 31 December 2018 39.5% of our revenues were derived from our top five customers, with one customer contributing more than 10% of our net revenues during the period (14%). During the year ended 31 December 2017 42% of our revenues (including revenue from reimbursable expenses) were derived from our top five customers, with one customer contributing more than 10% of our revenues (including revenue from reimbursable expenses) during the period (21%).... During the year ended 31 December 2016 45% of our net revenues (excluding revenue from reimbursable expenses) were derived from our top five customers, with one customer contributing more than 10% of our net revenues (excluding revenue from reimbursable expenses) during the period (26%).... The loss of, or a significant decrease in business from one or more of these key customers could have a material adverse impact on our results of operations and financial results." Therefore, ICON lists as a risk to their business that *We depend on a limited number of customers and a loss of, or significant decrease in business from one or more of them could affect our business*." Further, ICON states that "[m]any of our contracts are long-term fixed fee contracts. Revenues on these contracts are agreed in the contract between the Company and the customer and are based on an assessment of progress towards completion based on the cost of time and reimbursable costs. Factors considered in estimating time requirements include the complexity of the study, the number of geographical sites where trials are to be conducted and the number of patients to be recruited at each site. The Company regularly reviews the estimated hours on each contract to determine if the budget accurately reflects the agreed tasks to be performed taking into account the state of progress at the time of review." Therefore, ICON lists as a risk to their business that *Many*

- 9 -

*of our contracts are long-term fixed-fee contracts. We would lose money in performing these contracts if the costs of performance exceed the fixed fees for these projects and we are unable to negotiate a change order for the value of work performed.*"

22.     ICON contracts with physicians who serve as "investigators" in conducting clinical trials, who "supervise the administration of the investigational drug to patients during the course of a clinical trial," and who "are typically located at hospitals, clinics or other sites." ICON's Clinical Research Associates do not choose the participating physicians selected for a particular clinical trial or make any decision as to which participating physicians are selected for any clinical trial. Decisions regarding the selection of participating physicians for a particular clinical trial are made by clinicians and/or ICON's senior management and/or ICON's biopharmaceutical customers. ICON further highlighted that "[w]e also continued to enhance our site and patient recruitment capabilities during 2018 with the expansion of the PMG Research network through a partnership with the Du Page Medical Group." Once a participating physician is selected, the participating physician's employees are solely responsible for imputing the pre-determined patient information into Case Report Forms (CRFs) on ICON's biopharmaceutical customer's or ICON's Clinical Trial Management Software (CTS) system.  In performance of their duties, ICON's Clinical Research Associates travel to the offices of participating physicians who are serving as "investigators" for ICON's biopharmaceutical customer's clinical trials, at hospitals, clinics or other sites. When and how such visits are to be conducted by ICON's Clinical Research Associates is pre-defined and pre-determined by clinicians and/or ICON's senior management and/or ICON's biopharmaceutical customers, who create and prepare ICON's uniform guidelines, monitoring plans, checklists, forms, and trip report templates for all such visits.  ICON's Clinical Research Associates are required to perform their monitoring tasks by using ICON's uniform guidelines, monitoring plans, checklists, forms, and trip report templates, and do not make any independent determinations as to what monitoring tasks are to be performed or what data is to be reviewed.   At such hospitals, clinics or other sites, or remotely, ICON's Clinical

- 10 -

Research Associates review participating physicians' documentation of "administration of the investigational drug to patients during the course of a clinical trial," as required by the protocol and ICON's Standard Operating Procedures (SOPs), by utilizing ICON's uniform guidelines, monitoring plans, checklists, forms, and trip report templates for all such visits. ICON's Clinical Research Associates do not exercise discretion by determining which patient information should be documented by the participating physicians. In fact, ICON's Clinical Research Associates are prohibited from imputing or changing any patient information or documentation imputed by participating physicians' employees into CRFs. Rather, ICON's Clinical Research Associates only function is to review and report on the information and documentation recorded and reported by the participating physicians' employees as determined by the protocol and ICON's Standard Operating Procedures (SOPs), by utilizing ICON's uniform guidelines, monitoring plans, checklists, forms, and trip report templates for all such visits. Specifically, ICON's Clinical Research Associates are required after each visit to make a written report of their visit that is given to their direct superiors (for their review and approval) by following ICON's uniform guidelines and monitoring plans, filling out and collecting ICON's forms, and filling out ICON's uniform trip report templates (completed visit reports are referred to as "trip" reports).  Moreover, ICON's Clinical Research Associates are not the only persons who monitor and review the information and documentation recorded and reported by the participating physicians' employees.  Instead, ICON's Clinical Research Associates are merely the lowest or one of the lowest levels of persons employed by ICON to monitor and review the information and documentation recorded and reported by the participating physicians' employees. Furthermore, ICON's Clinical Research Associates do not make determinations whether or not the participating physicians are in compliance with the protocol and ICON's Standard Operating Procedures (SOPs).  Decisions on whether or not the participating physicians are in compliance with the protocol and ICON's Standard Operating Procedures (SOPs) are made by clinicians (e.g. Clinical Scientists and/or Medical Monitors) and/or ICON's senior management (e.g. Biostatisticians, Project

- 11 -

Managers and/or Data Managers) and/or ICON's biopharmaceutical customer's senior management (e.g. Biostatisticians, Project Managers and/or Data Managers).

23.      At all relevant times, ICON's Clinical Research Associates in all positions were not compensated at a rate no less than one and a half times their regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek, and were improperly classified as salaried employees, exempt from overtime pay.  Specifically, ICON's Clinical Research Associates in all positions are not properly exempt from overtime pay under any exemption, either the executive exemption contained in Wage Order 4–2001, Section 1(A)(1), or the administrative exemption contained in Wage Order 4–2001, Section 1(A)(2), or the professional exemption contained in Wage Order 4–2001, Section 1(A)(3), (codified at 8 Cal.Code Regs., tit. 8, § 11040(1)(A)).  Specifically, ICON's Clinical Research Associates in all positions were not and are not properly exempt under the executive exemption because they are not employed to manage the affairs of a recognized subdivision or unit of ICON or ICON's biopharmaceutical customers; they do not customarily and regularly direct the work of two or more other employees of ICON or the employees of ICON's biopharmaceutical customers; and they do not have the authority to hire or fire other employees of ICON or the employees of ICON's biopharmaceutical customers. 8 Cal.Code Regs., tit. 8, § 11040(1)(A)(1). Further, ICON's Clinical Research Associates in all positions were not and are not properly classified as exempt under the administrative exemption because their job duties are not directly related to the management or general business operations of ICON or ICON's biopharmaceutical customers; and they do not customarily and regularly exercise discretion and independent judgment in carrying out job duties as to matters of significant to ICON's business because they are engaged in production aspects of ICON's business as opposed to administrative functions of ICON's business and they do not have the authority or power to make an independent choice with respect to matters of significance. *Id.* § 11040(1)(A)(2). Lastly, ICON's Clinical Research Associates in all positions were not and are not properly exempt under the professional exemption because they are not primarily engaged in an

occupation commonly recognized as a learned or artistic profession; they are not required to have any specific degree or license or training, as any university or college degree will suffice; and they are not licensed by the State of California and primarily engaged in the practice of law, medicine, dentistry, optometry, architecture, engineering, teaching, or accounting.  Id. § 11040(1)(A)(3).  Each of the exemptions - administrative, executive and professional - require that the employee be "primarily engaged in" the duties which meet the test for the exemption. The term "primarily engaged in" means that more than one-half of the employee's work time must be spent engaged in exempt work and differs substantially from the federal test which simply requires that the "primary duty" of the employee falls within the exempt duties.  At all relevant times, ICON's Clinical Research Associates in all positions were not and are not properly classified as exempt under any exemptions - administrative, executive and professional - because they are not and were not primarily engaged in the duties which meet the test for any exemption, i.e. they did not spend more than one-half of their work time engaged in exempt work.

## V.     SUBSTANTIVE FACTS RELATED TO MILLER'S INDIVIDUAL CLAIMS

24.     MILLER was first employed by ICON as a Clinical Research Associate in the position of a Clinical Research Associate II on or about August 1, 2017.  Throughout her entire employment with ICON, MILLER would perform her duties as a Clinical Research Associate remotely from her California residence or by traveling from her California residence to the offices of participating physicians who are serving as "investigators" in ICON's biopharmaceutical customer's clinical trials, at hospitals, clinics or other sites assigned to her by her supervisors at ICON. Throughout her entire employment with ICON, MILLER would perform her duties as a Clinical Research Associate by following ICON's uniform guidelines and monitoring plans and checklists, filling out and collecting ICON's forms, and filling out ICON's uniform visit report templates after each visit she performed.  Throughout her entire employment with ICON, she would also prepare written trip reports of her visits for her superiors at ICON for the clinic trials she was assigned from her California residence,

and she would participate in teleconferences with her superiors at ICON from her California residence. Throughout her entire employment with ICON, MILLER's job duties or responsibilities as a Clinical Research Associate did not require her and she did not perform duties which meet the test for any exemption from overtime pay – i.e. administrative, executive or professional exemption – because she was not primarily engaged in the duties which meet the test for any exemption, i.e. she did not spend more than one-half of her work time is engaged in exempt work.

25.     Throughout her entire employment with ICON, MILLER was required to and did record all her working hours so that ICON could bill its biopharmaceutical customers, for her time. Although she regularly worked in excess of eight (8) hours in a day, and forty (40) hours in a workweek, MILLER was not compensated for her hours because ICON classified her, like all other members of the Class, as a salaried employee who was exempt from overtime pay, despite the fact that MILLER, like all other members of the Class, do not meet the requirements of any exemption.

26.     Specifically, throughout her entire employment with ICON, MILLER regularly worked more than eight (8) hours in a day and more than 40 hours in a week, including working evenings and on weekends. In MILLER's average work week, MILLER worked an average of 15-20 hours of uncompensated overtime per week.

27.     Defendants knew, or reasonably should have known, that MILLER worked uncompensated overtime hours on a regular basis since MILLER was required to and did record all such overtime hours each week so that ICON could bill its biopharmaceutical customers for her time and such recorded overtime hours was seen and approved by her superiors at ICON. In addition, MILLER's superiors received emails from MILLER during time periods that her superiors knew, or reasonably should have known, to a certainty that MILLER was working more than eight (8) hours in a day or forty (40) hours in a week.

CLASS ACTION COMPLAINT

28.     Given her site monitoring duties and assignments, MILLER's performance of her duties and assignments as a Clinical Research Associate was not conducive to working less than eight (8) hours in a day or 40 hours in a week.

29.     Despite the fact that MILLER's managers knew that MILLER was working more than eight (8) hours in a day or 40 hours in a week, MILLER's superiors did not intervene and instruct MILLER to stop working those hours.  Instead, MILLER's superiors refused to adjust her site visits or work load to ensure that MILLER could perform her position within an eight (8) hour day or forty (40) hour week.

30.     Further, at all relevant times, ICON did not have a legally compliant meal and rest period policy for its ICON's Clinical Research Associates. Moreover, during her entire employment with ICON, MILLER would regularly miss meal and rest periods prescribed by law.  Because ICON reimbursed her for any expenses while traveling, ICON was aware, or should have been aware that MILLER worked in excess of six hours in a day without a meal period, and regularly worked in excess of ten hours in a day, without her statutorily mandated second meal period.  As such, MILLER, and all other members of the Class, were regularly denied their second meal period, in violation of Labor Code § 226.7.

## VI.     FIRST CAUSE OF ACTION
### Violation of Labor Code §§ 510 and 1198 - Failure to Pay Overtime Compensation
### (Against All Defendants)

31.     Plaintiff and the Class hereby incorporate by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

32.     Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

33.     Labor Code § 1194 establishes an employee's right to recover unpaid overtime compensation, interest thereon, together with the costs of suit, and attorneys' fees.  Labor Code §

1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

34.     Defendants have intentionally and improperly designated Plaintiff and the Class as exempt from overtime pay in order to avoid payment of overtime wages and other benefits in violation of the Labor Code and Industrial Welfare Commission requirements.

35.     In particular, Plaintiff and other members of the Class are not properly classified as executives under Industrial Wage Order No. 4-2001 because (a) their job duties do not involve the management of a recognized department or subdivision; (b) they do not supervise the work of two or more employees; (c) they do not have authority to hire or fire other employees, nor do they make recommendations on the hiring and firing of other employees; (d) they do not act with independent judgment and discretion; and (e) they are not primarily engaged in the duties which meet the test for the exemption, i.e. less than one-half of their work time is spent engaged in exempt work.

36.     Further, Plaintiff and other members of the Class are not properly classified as exempt as professionals under Industrial Wage Order No. 4-2001 because (a) they are not licensed or certified by the State of California; (b) they are not engaged in an occupation commonly recognized as a learned or artistic profession; (c) they do not act with independent judgment and discretion; and (d) they are not primarily engaged in the duties which meet the test for the exemption, i.e. less than one-half of their work time is spent engaged in exempt work.

37.     Plaintiff and other members of the Class are not properly classified as administrators under Industrial Wage Order No. 4-2001 because (a) they do not perform office or non-manual work directly related to management policies or general business operation of their employer; (b) they do not act customarily and regularly exercise discretion and independent judgment; and (c) they are not primarily engaged in the duties which meet the test for the exemption, i.e. less than one-half of their work time is spent engaged in exempt work.

38.     At all times relevant herein, from time to time, Plaintiff and the Class have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a work week.

39.     At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Labor Code §§ 510 and 1198.  In fact, however, Plaintiff and the Class were regularly required to work overtime hours without compensation.

40.     By virtue of Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their overtime labor, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

41.     Plaintiff and the Class are informed and believe, and based upon that information and belief allege, that Defendants knew or should have known that Plaintiff and the Class did not qualify as exempt from overtime pay and purposely elected not to pay them for their overtime labor.

42.     Defendants acted and are acting intentionally toward the Plaintiff and the Class with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

43.     Plaintiff and the Class request recovery of overtime compensation according to proof, interest, attorney's fees and cost pursuant to Labor Code §§ 218.5 and 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the Labor Code and/or other statutes.

44.     Further, Plaintiff and the Class are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5 and 1194.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT

## VI.   SECOND CAUSE OF ACTION
### Violation of Labor Code §§ 226.7 and 512 - Failure to Provide Meal Periods and Rest Periods
### (Against All Defendants)

45.     Plaintiff and the Class hereby incorporate by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

46.     Labor Code §§ 226.7 and 512 provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes.

47.     Labor Code § 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each five (5) hours of work that the meal period is not provided.

48.     Because Plaintiff and the Class were improperly classified as exempt from overtime pay and meal periods, Defendants have no policy to provide meal periods to Plaintiff and the Class. Additionally, Defendants have failed to provide meal periods to Plaintiff and the Class. Thus, Defendants have failed to provide meal periods to Plaintiff and the Class in violation of Labor Code §§ 226.7 and 512.

49.     At all times relevant hereto, Plaintiff and the Class have worked more than five (5) hours in a workday.  At all relevant times hereto, ICON has failed to provide meal periods as required by Labor Code §§ 226.7 and 512.

50.     Labor Code § 226.7 provides that employers shall authorize and permit employees to take "rest periods at the rate often (10) minutes net rest time per four (4) hours of work."

51.     Labor Code § 226.7 provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

52.     Because Plaintiff and the Class were improperly classified as exempt from overtime pay and rest periods, Defendants have no policy to provide rest periods to Plaintiff and the Class.

- 18 -

Additionally, Defendants have failed to provide rest periods to Plaintiff and the Class. Thus, Defendants have failed to provide rest periods to Plaintiff and the Class in violation of Labor Code §§ 226.7 and 512.

53. At all times relevant hereto, Plaintiff and the Class have worked more than four (4) hours in a workday. At all times relevant hereto, Defendants failed to provide rest periods as required by Labor Code §§ 226.7 and 512.

54. By virtue of Defendants' unlawful failure to provide rest periods to them, Plaintiff and the Class have suffered, and will continue to suffer, damages in the amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

55. Plaintiff and the Class are informed and believe, and based upon that information and belief allege, that Defendants know or should have known that Plaintiff and the Class were entitled to meal periods and rest periods but purposely elected not to provide these mandated periods.

56. Plaintiff and the Class are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 226.7 and 512.

## VIII.   THIRD CAUSE OF ACTION
### Violation of Labor Code § 226 - Failure to Properly Itemize Wage Statements
### (Against All Defendants)

57. Plaintiff and the Class hereby incorporate by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

58. Pursuant to Labor Code § 226, (and other authority), an employer is required to furnish each of its, his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee

- 19 -

may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

59.     In violation of such authority, Defendants have failed to provide properly itemized wage statements to Plaintiff and the Class.  Because the wage statements do not include Plaintiff's total working hours, as Plaintiff and the Class regularly work without compensation, the wage statements provided to Plaintiff and the Class were improperly itemized, and thus violate Labor Code §226(a).

60.     Plaintiff and the Class suffered and continue to suffer injury as a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a).  This lawsuit, and the difficulty and expense Plaintiff and the Class have encountered in attempting to reconstruct their time and pay records, is evidence of the injury suffered as a result of Defendants' failure to provide itemized wage statements.  Defendants' failure to provide itemized wage statements resulted in forcing Plaintiff and the Class to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked.

61.     As a result of such violations, Plaintiff and the Class request the maximum amount of penalties and other relief allowed by law.

### IX.     FOURTH CAUSE OF ACTION
### Violation of Labor Code § 203 - Failure to Pay all Wages Owed Upon Termination
### (Against All Defendants)

62.     Plaintiff and the Class hereby incorporate by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

63.     Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.  Labor Code § 202

- 20 -

requires an employer to pay all compensation due and owing to an employee who resigns within seventy-two (72) hours of that employee resignation, unless the employee provides at least seventy-two (72) hours' notice of resignation, in which case all compensation is due at the end of the employee's final day of work.  Labor Code § 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until and action therefor is commenced; but the wages shall not continue for more than thirty (30) days.

64.     Defendants have a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of Defendants' former employees, including, but not limited to, straight time, overtime, vacation time, and other wages earned and remaining uncompensated according to amendment, or proof.

65.     Plaintiff and certain members of the Class have left the ICON's employ. ICON willfully failed to pay Plaintiff and such members of the Class all of their wages due and owning at the time of their termination or resignation with notice or within seventy-two (72) hours of their resignation without notice, and failed to pay those sums for thirty (30) days thereafter.

66.     Defendants' willful failure to pay wages to Plaintiff and the Class violates Labor Code § 203 because Defendants knew wages were due to Plaintiff and certain members of the Class, but Defendants failed to pay them.

67.     Thus, Plaintiff and the Class are entitled to penalties pursuant to Labor Code § 203, in the amount of the daily wage of Plaintiff and the Class multiplied by thirty (30) days.

/ / /

/ / /

/ / /

/ / /

## X.    FIFTH CAUSE OF ACTION
**Unlawful and Unfair Business Acts and Practices in Violation of
Business & Professions Code §§ 17200, et seq.
(Against All Defendants)**

68.    Plaintiff and the Class hereby incorporate by this reference each and every preceding paragraph of this Complaint as if fully set forth herein.

69.    Throughout the Class period, the acts, omissions, and practices of the Defendants as alleged herein constituted unlawful and unfair business acts and practices within the meaning of Business & Professions Code §§ 17200 et seq., including but not limited to their failure to pay overtime compensation, their failure to provide required meal and rest periods without premium wages, and by their failure to provide properly itemized wage statements, all in violation of the statutes and regulations referenced hereinabove.

70.    Defendants have engaged in "unlawful" business acts and practices by its failure to pay overtime compensation and its failure to provide required meal and rest periods without premium wages therefor, to Plaintiff and the Class, all in violation of the statutes and regulations referenced hereinabove.

71.    Defendants engaged in "unlawful" business acts and practices by their failure to provide properly itemized wage statements to Plaintiff and the Class, all in violation of the statutes and regulations referenced hereinabove.

72.    Plaintiff and the Class reserve the right to allege other violations of law which constitute unlawful acts or practices.

73.    Defendants have also engaged in "unfair" business acts or practices in that the harm caused by Defendants' wrongful conduct alleged above outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, causes substantial injury to Plaintiff and the Class, and provides Defendants with an unfair competitive advantage over those employers that abide by the law, properly pay overtime wages,

properly provide required meal and rest periods or premium wages in lieu thereof, and provide properly itemized wage statements in accordance with the law.

74.     Defendants have also engaged in "unfair" business acts or practices in that the harm caused by Defendants' wrongful conduct alleged above outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, causes substantial injury to Plaintiff and the Class, and provides ICON with an unfair competitive advantage over those employers that properly provide itemized wage statements in accordance with the law.

75.     As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of Plaintiff and the Class.  Specifically, ICON have been unjustly enriched by the retention of a significant sum of dollars in wages earned and wrongfully withheld from Plaintiff and the Class.

76.     The aforementioned unlawful or unfair business acts or practices conducted by Defendants have been committed in the past and continues to this day.  Defendants have failed to acknowledge the wrongful nature of their actions.  Defendants have not corrected or publicly issued individual and comprehensive corrective notices to Plaintiff and the Class or provided full restitution and disgorgement of all ill-gotten monies either acquired or retained by Defendants as a result thereof, thereby depriving Plaintiff and the Class of the minimum working conditions and standards due them under Labor Code and Industrial Welfare Commission Wage Orders.

77.     Pursuant to  Business & Professions Code § 17203, Plaintiff and the Class seek an order of this Court requiring Defendants to disgorge all ill-gotten gains and awarding Plaintiff and the Class full restitution of all monies wrongfully acquired by Defendants through means of such "unlawful" and "unfair" conduct, plus interest and attorneys' fees pursuant to, inter alia, Code of Civil Procedure § 1021.5, so as to restore any and all monies to Plaintiff and the Class and the general public which were acquired and obtained by means of such "unlawful" and "unfair" conduct, and

- 23 -

which ill-gotten gains are still retained by Defendants.  Plaintiff and the Class additionally request that such funds be impounded by the Court or that an asset freeze or constructive trust be imposed upon such revenues and profits to avoid dissipation and/or fraudulent transfers or concealment of such monies by Defendants.  Plaintiff and the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

78.     Pursuant to Business & Professions Code § 17203, Plaintiff and the Class seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendants to correct their illegal conduct, pay for all hours worked, provide overtime, required meal and rest periods or premium wages in lieu thereof, to provide properly itemized wage statements, to keep accurate records of time worked, and to insure the payment of earned wages henceforth.

## XII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for the following relief against Defendants:

1.     Certification of this action on behalf of the proposed Class, and that Plaintiff and her counsel of record be appointed as the representatives of the proposed Class;

2.     A declaratory judgment that Defendants violated the following provisions of the law:

a.     Labor Code §§ 510 and 1194 et seq. (and the applicable California Wage Orders) by failing to pay overtime wages;

b.     Labor Code §§ 226.7, 510, 512, and 1194 by failing to provide legally compliant meal periods or compensation for working through meal periods by Plaintiff and Class members;

c.     Labor Code §§ 226.7 and 512 by failing to provide rest periods to Plaintiffs and Class members;

d.     Labor Code § 226 by failing to provide accurate wage statements; and

e.     Labor Code section 203 by willfully failing to pay wages, without abatement or reduction, in accordance with Labor Code §§ 201 and 202, to Plaintiff and the Class at the time of their termination or resignation with notice or within seventy-two (72) hours of their resignation without notice, and for more than thirty (30) days thereafter.

3.      Defendants be permanently enjoined from engaging in the unlawful and unfair acts and conduct alleged herein;

4.      An order requiring Defendants to pay restitution of all amounts owed to Plaintiff and members of the Class, in an amount according to proof, pursuant to Business & Professions Code § 17203;

5.      Compensatory damages according to proof;

6.      Statutory damages, liquidated damages, and penalties as provided under the Labor Code;

7.      Prejudgment and post judgment interest on all sums awarded as provided by statute;

8.      Reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure section 1021.5 and the California Labor Code, and/or other applicable law;

9.      Costs of suit herein; and

10.     Such other and further relief as the Court may deem necessary, just, and appropriate.

Dated: April 15, 2020                                KEEGAN & BAKER LLP

Patrick N. Keegan, Esq.

## **DEMAND FOR JURY TRIAL**

Plaintiff and the Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: April 15, 2020

**KEEGAN & BAKER LLP**

Patrick N. Keegan, Esq.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Patrick N. Keegan, Esq. (SBN 167698)<br>KEEGAN & BAKER, LLP<br>2292 Faraday Avenue, Suite 100, Carlsbad, CA 92008 | **Electronically** **FILED**<br>by Superior Court of California, County of San Mateo |

TELEPHONE NO.: (760) 929-9303   FAX NO. (Optional): (760) 929-9260

ON **4/20/2020**

ATTORNEY FOR (Name): Plaintiff

By   **/s/ Mia Marlowe**
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
 STREET ADDRESS: 400 County Center
 MAILING ADDRESS: 400 County Center
 CITY AND ZIP CODE: Redwood City, CA 94063
 BRANCH NAME:

CASE NAME:
CHRYSTAL L. MILLER v. ICON PLC, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 20-CIV-01732 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Five
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: April 15, 2020

Patrick N. Keegan, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

| Attorney or Party without Attorney (Name/Address)<br>Patrick N. Keegan, Esq.<br>KEEGAN & BAKER, LLP<br>2292 Faraday Avenue, Suite 100, Carlsbad, CA 92008<br>Telephone: (760) 929-9303<br>State Bar No.: 167698<br>Attorney for: Plaintiff | FOR COURT USE ONLY<br><br>Electronically<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON      **4/20/2020**<br>By      **/s/ Mia Marlowe**<br>**Deputy Clerk** |
|---|---|
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA  94063 | |
| Plaintiff      CHRYSTAL L. MILLER | |
| Defendant      ICON PLC, et al. | |
| **Certificate Re Complex Case Designation** | Case Number<br>20-CIV-01732 |

## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1.    In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

      ❑   Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

      ❑   Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management

      ☒   Box 5 – Is [or is not] a class action suit.

2.    This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions

pending in one or more courts in other counties, states or countries or in a federal court;
(6) whether or not certification of a putative class action will in fact be pursued; and (7)
substantial post-judgment judicial supervision]:

<u>SEE ATTACHMENT</u>

*(attach additional pages if necessary)*

3.    Based on the above-stated supporting information, there is a reasonable basis for the complex
case designation or counter-designation [or noncomplex case counter-designation] being made
in the attached Civil Case Cover Sheet.

*****

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct
and that I make this certification subject to the applicable provisions of California Code of Civil
Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San
Mateo County Superior Court Local Rules, Local Rule 2.30.

Dated: <u>April 15, 2020</u>

<u>Patrick N. Keegan, Esq.</u>
[Type or Print Name]

[Signature of Party or Attorney For Party]

CV-59 [Rev. 1/06]                                                www.sanmateocourt.org

## Attachment to Certificate Re Complex Designation

This putative class action lawsuit alleges causes of action for violations of the Labor Code, IWC Wage Order No. 4-2001, and the Business and Professions Code §§ 17200, et seq.  Plaintiff brings this putative class action on behalf of herself and all other persons similarly situated who are current and former employees of Defendant ICON plc (or "ICON") employed in a Clinical Research Associate position commencing on the date four (4) years prior to the filing of this Complaint ("Class Period").  Plaintiff intends to in fact file a motion for class certification pursuant to Code of Civil Procedure § 382 upon completion of necessary classwide discovery. Plaintiff alleges that during the Class Period, all of ICON's Clinical Research Associates were not compensated at a rate no less than one and a half times their regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek, and were improperly classified as salaried employees, exempt from overtime pay.  Plaintiff, on behalf of herself and all other ICON's Clinical Research Associates, seeks damages and restitution, including the unpaid balance of earned overtime wages, premium wages for missed meal and rest periods, penalties, and interest, as well as attorney's fees and costs of this litigation.