# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRYSTAL L. MILLER,**<br>Plaintiff,<br>vs.<br>**ICON CLINICAL RESEARCH LLC, ET AL.,**<br>Defendants. | CASE NO. 20-cv-04117-YGR<br><br>**ORDER DENYING MOTION FOR REMAND**<br>Re: Dkt. Nos. 9, 13 |

Plaintiff Chrystal Miller brings this wage-and-hour putative class action against defendants ICON plc ("ICON"); ICON Clinical Research, LLC ("ICON Clinical"); DOCS Global Inc.; and Lynda Holcroft. The complaint alleges that ICON employed plaintiff as a Clinical Research Associate ("CRA") from approximately October 9, 2017 through March 19, 2019, during which time defendants misclassified her and other CRAs as exempt employees. Plaintiff asserts five causes of action on behalf of herself and the putative class: (1) failure to pay overtime wages; (2) failure to provide meal and rest periods; (3) failure to provide accurate, itemized wage statements; (4) failure to pay all final wages in a timely manner; and (5) unlawful and unfair business practices. Plaintiff defines the putative class as "[a]ll persons employed in the State of California by Defendant ICON plc as a Clinical Research Associate in any position . . . at any time commencing on the date four (4) years prior to the filing of this Complaint and through the date of trial ('Class Period')."

On June 22, 2020, ICON Clinical Research LLC ("ICON Clinical") removed this action on the basis that federal subject matter jurisdiction exists pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. sections 1332(d) and 1453. Plaintiff now seeks to remand the case on the ground that this action falls within the local controversy exception to CAFA, set forth in 28 U.S.C. section 1332(d)(4)(A). Under this exception, a district court must decline to exercise jurisdiction:

(i) over a class action in which—
    (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

>  (II) at least 1 defendant is a defendant—
>     (aa) from whom significant relief is sought by members of the plaintiff class;
>     (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>     (cc) who is a citizen of the State in which the action was originally filed; and
>  (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

28 U.S.C. § 1332(d)(4)(A). While defendants bear the burden of proving that removal is appropriate, plaintiff bears the burden of showing an exception applies. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).

There appears to be no dispute that (i) the principal injuries resulting from the alleged conduct were incurred in California and (ii) in the three years prior to filing of the complaint, no other class action has been filed asserting the same or similar allegations against the defendants on behalf of the same proposed class. Thus, the Court proceeds to consider whether plaintiff has demonstrated that (i) greater than two-thirds of the putative class are California citizens and (ii) at least one defendant from whom significant relief is sought and whose conduct forms a significant basis for the claims is a California citizen.[1]

## I.  Plaintiff Has Not Shown that Greater Than Two-Thirds of the Proposed Class Are Citizens of California

To qualify for the local controversy exception, plaintiff must show that greater than two-thirds of the proposed class members are California citizens. 28 U.S.C. § 1332(d)(4)(A)(i)(I). Citizenship is determined "as of the date the case became removable[.]" *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013). The individual factors of a party's citizenship are "essentially factual." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Plaintiff must establish the required facts by a preponderance of evidence. *Mondragon*, 736 F.3d at 884.

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the motion appropriate for decision without oral argument.

2

With respect to plaintiff herself, the complaint alleges that she is a California citizen, was "employed" "in the state of California" during the class period, and "perform[ed] her duties as a Clinical Research Associate remotely from her California residence or by traveling from her California residence." Defendant calls into question plaintiff's citizenship, noting that she was issued a Georgia driver's license in October 2018. Plaintiff, however, submits evidence that she possesses a current California driver's license and has resided in California continuously since 2017. "[A] person's old domicile is not lost until a new one is acquired." *Lew*, 797 F.2d at 750. Defendant's proffered evidence of a Georgia driver's license, particularly when weighed against plaintiff's declaration and the allegations in the complaint, does not suffice to demonstrate plaintiff is not a California citizen.

With respect to the citizenship of the putative class, plaintiff points to evidence that ICON Clinical employed at least 110 CRAs in California during the putative class period of October 9, 2017 through March 19, 2019, and issued wage statements to approximately 78 CRAs in California from April 26, 2019 through June 5, 2020. Plaintiff avers that because wage statements were sent to 78 out of 110 CRAs (i.e., approximately 71 percent of the putative class) in California, plaintiff has established their residency and place of employment in California, which in turn is evidence of citizenship. Plaintiff's conclusion, however, does not follow from the evidence. That ICON Clinical paid 78 CRAs in California during a period spanning both before and after the case became removable does not establish how many of the approximately 110 putative class members were California citizens at the time the case became removable. Indeed, ICON Clinical proffers evidence that from April 20, 2016 through June 16, 2020, approximately 48 of the 110 CRAs separated from their employment with ICON Clinical, making it likely some of those 78 CRAs paid in California subsequently left the company and moved out of the state. Finally, ICON Clinical proffers that it employed "at least" 110 CRAs in California during the class period. If that number is just slightly greater (i.e., 117 or more), without a corresponding rise in California citizens, plaintiff would not satisfy the two-thirds threshold.

The Ninth Circuit has found similar flaws sufficient to defeat remand motions. For example, in *Mondragon*, the putative class consisted of consumers who had purchased and

3

registered cars in California. 736 F.3d at 882-83. The Ninth Circuit held that there was "simply no evidence in the record to support a finding of two-thirds citizenship." *Id*. at 884. It noted "[t]hat a purchaser may have a residential address in California does not mean that person is a citizen of California." *Id*. Rather, cars might have been purchased and registered in California by out-of-state students, owners of second homes, or other temporary residents. *Id*. Further, the proposed class covered purchases made years before the case became removable, during which time putative class members may have left the state. *Id*.

In *King v. Great American Chicken Corp.*, the Ninth Circuit reaffirmed its holding in *Mondragon* in the context of a putative wage and hour class action. 903 F.3d 875, 880 (9th Cir. 2018). The Ninth Circuit in *King* overturned the district court's remand order, finding that despite a stipulation that at least two-thirds of the putative class had last-known addresses in California, the "narrow cushion provided by the stipulation, the likelihood that some putative class members were legally domiciled in or subsequently relocated to another state, and the probability that some class members were not United States citizens," meant the court could not conclude that there was sufficient evidence to meet the two-thirds requirement. *Id*. at 879-80.[2]

Here, as in *King*, plaintiff fails to provide sufficient facts to carry her burden of showing that two-thirds of proposed class members are California citizens. This factor is not satisfied.[3]

## II. Plaintiff Has Alleged that One Defendant from Whom Significant Relief Is Sought and Whose Conduct Forms a Significant Basis for the Claims is a California Citizen

Although the Court's finding with respect to the two-thirds requirement precludes remand at this juncture, the Court nevertheless addresses the second factor at issue in the briefing. To

---

[2] *See also Kastler v. Oh My Green, Inc.*, No. 19-cv-02411-HSG, 2019 WL 5536198, at *8 (N.D. Cal. Oct. 25, 2019) (rejecting argument that two-thirds of putative class members were California citizens only based on allegation in complaint that "expressly limit[ed] the putative class to individuals employed in California"); *Ramirez v. Carefusion Res., LLC*, No. 18-CV-2852-BEN-MSB, 2019 WL 2897902, at *7 (S.D. Cal. July 5, 2019) (rejecting plaintiff's argument that local controversy exception applied because the class members were employed in California at one time but may have left the state after separating from their employment).

[3] Plaintiff cites *Mondragon* for the proposition that a party may rely on the presumption that evidence of one's residence is prima facie evidence of domicile, and once established, a person's state of domicile continues unless rebutted with sufficient evidence of change. *Mondragon*, 736 F.3d at 885-886. Here, however, the Court is not persuaded that the wage statements "established" domicile for over two-thirds of the putative class.

4

qualify for the local controversy exception, plaintiff also must show at least one defendant from whom "significant relief" is sought and whose alleged conduct forms a "significant basis" for the claims asserted is a California citizen. 28 U.S.C. § 1332(d)(4)(A)(i)(II). Plaintiff points to Holcroft, who the complaint alleges is a citizen of California. Plaintiff also has submitted evidence in support of the motion showing that Holcroft is a citizen of California, as she is a current resident of the state and has resided here continuously since 1991. Thus, the question before the Court is whether plaintiff has satisfied the "significant basis" and "significant relief" requirements as they relate to Holcroft. In determining whether these requirements are met, this Court must look to the allegations in the complaint and may not consider extrinsic evidence. *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1019 (9th Cir. 2011).

    *A.    "Significant Basis"*

    The complaint alleges all causes of action against all defendants. Paragraph 7 of the complaint addresses Holcroft specifically. Plaintiff alleges that Holcroft is a "director" of ICON and "oversaw the work" of CRAs "by providing guidance and oversight to the clinical trial monitoring employees ensuring adherence to project scope, SOPs, timelines, and budget requirements." Plaintiff further alleges that Holcroft "is being sued in her capacity as a Director of ICON, and is personally liable under Labor Code § 558.1 as a natural person who is an owner, director, officer, or managing agent of ICON, Plaintiff's and the Class' employer." These allegations are sufficient to satisfy the "significant basis" requirement. *See Coleman*, 631 F.3d at 1020 (finding "significant basis" requirement satisfied where complaint alleged that in-state and out-of-state defendants violated same laws, because "allegations against [the out-of-state] defendant in no way make the allegations against [the in-state defendant] . . . insignificant"); *see also Bloomquist v. Covance, Inc.*, No. 16-CV-2559-BAS (BLM), 2017 WL 1735170, at *4 (S.D. Cal. May 4, 2017) ("[T]he in-state defendants are alleged in the complaint to be more than simply local agents or employees . . . . Rather, they are directors within the company. . . . Moreover, the complaint alleges the exact same violations of California Labor Code against all defendants, and this Court need not look further than those allegations.").

5

ICON Clinical avers that although Holcroft's job title includes the term "director," she does not serve on the Board of Directors, is several levels removed from executive management, and does not have and never has had any managerial responsibility over CRAs. In support thereof, ICON Clinical proffers as evidence declarations from Holcroft and a human resources manager. The Ninth Circuit has made clear, however, that in considering whether the "significant basis" requirement is met, the Court may not look any further than the complaint. *Coleman*, 631 F.3d at 1020; *see also Allen v. Boeing Co.*, 821 F.3d 1111, 1117-18 (9th Cir. 2016) ("[N]othing in CAFA . . . indicates a congressional intention to turn a jurisdictional determination concerning the local defendant's 'alleged conduct' into a mini-trial on the merits of the plaintiff's claims.").[4]

As such, plaintiff has carried her burden of satisfying the "significant basis" requirement.

*B.     "Significant Relief"*

As explained, plaintiff brings all claims against all defendants. Plaintiff further seeks declaratory, injunctive, and monetary relief against all defendants equally. ICON Clinical avers that the complaint nevertheless is insufficient because plaintiff has not apportioned the relief sought amongst defendants, and specifically, has not identified the alleged damages attributable to Holcroft. However, the Ninth Circuit has never held that such specificity is required in the context of the "significant relief" inquiry. To the contrary, the court has acknowledged that a plaintiff "may not know, and perhaps cannot know at this time, how much of [its] damages is the result of [the out-of-state defendants'] actions and how much is the result of [the in-state defendants'] actions or inactions." *Allen*, 821 F.3d at 1119. Nonetheless, the complaint alleges that plaintiff is seeking significant relief against Holcroft, as well as other defendants, for the conduct alleged. For purposes of the "significant relief" requirement, that is enough.

---

[4] ICON Clinical relies on *Busker v. Wabtec Corp.*, 70 Fed. App'x 522 (9th Cir. 2018) to argue plaintiff has not met the "significant basis" requirement. Citing to unpublished opinions, however, is not persuasive. *See* Alex Kozinski & Stephen Reinhardt, *Please Don't Cite This! Why We Don't Allow Citation to Unpublished Dispositions*, Cal. Lawyer, June 2000, at 43-44. Moreover, here, plaintiff alleges that Holcroft is a director, not merely an "employee, agent, and/or representative" of her employer who could be held liable, if at all, "only derivatively." *Busker*, 70 Fed. App'x at 524.

Ninth Circuit case law is in accord. For example, in *Coleman*, 631 F.3d at 1020, plaintiffs alleged that both the in-state defendant and the out-of-state defendant violated California law and sought damages equally from both. The court found those allegations sufficient to satisfy the "significant relief" requirement. *Id.* at 1020. Likewise, in *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1119 (9th Cir. 2015), the Ninth Circuit held that claims for general damages, punitive damages as a result of deceptive trade practices and fraud, and equitable relief were "sufficient to show that the Plaintiffs claim 'significant relief' from a local defendant. In *Allen*, the court followed *Coleman* and *Benko*, finding that where alleged damages "appear[ed] to be the same whether caused by" the in-state or out-of-state defendant, the complaint sufficiently alleged that plaintiffs were seeking significant relief against the in-state defendant. 821 F.3d at 1119; *see also Bloomquist*, 2017 WL 1735170, at *4 ("Although Bloomquist did not quantify the alleged damages, he seeks damages from all defendants equally for their alleged wrongful conduct.")[5]

As such, plaintiff has carried her burden of satisfying the "significant relief" requirement.

### III. Jurisdictional Discovery and Leave to Amend

Finally, plaintiff avers that if the Court requires additional evidence to determine if this action falls within the local controversy exception, plaintiff should be permitted to obtain jurisdictional discovery and amend her complaint in order to clarify jurisdictional facts. Importantly, the Ninth Circuit frequently has adopted this approach in similar cases. *See, e.g., Mondragon*, 736 F.3d at 886 (remanding "with instructions to allow Mondragon an opportunity, if he so chooses, to renew his motion to remand and to gather evidence to prove that more than two-thirds of putative class members are citizens of California"); *King*, 903 F.3d at 881 ("On remand to the district court, however, King should be given an opportunity to seek additional jurisdictional

---

[5] ICON Clinical cites *Adame v. Comprehensive Health Mgmt., Inc.*, No. CV 19-00779-CJC(SKX), 2019 WL 1276192, at *3 (C.D. Cal. Mar. 19, 2019) for the proposition that a "plaintiff fails to establish 'significant relief' from a local defendant where the complaint lacks sufficient specificity to determine what conduct is attributable to what defendant or how damages might be apportioned." This Court disagrees. *Adame* makes this claim by citing to a case from the Eastern District of California but does not distinguish *Coleman*, *Benko*, or *Allen*. *Id.* Moreover, *Adame* is factually distinguishable because there, the complaint contained *no* specific allegations regarding the in-state defendants. *Id.*

7

discovery and to renew her motion to remand.").

Here, plaintiff fails to satisfy one factor of the local controversy exception: that greater than two-thirds of the putative class are California citizens.[6] Jurisdictional discovery may fill in this gap. Namely, ICON Clinical likely maintains employment and payroll records that shed light on the exact number of plaintiffs in the putative class and their citizenship at the time of removal.

As such, the Court hereby **DENIES** plaintiff's motion to remand **WITHOUT PREJUDICE** to plaintiff renewing the motion based on facts uncovered during discovery. The Court further **ORDERS** that plaintiff shall be entitled to conduct limited jurisdictional discovery regarding the citizenship of the putative class only.[7]

This Order terminates Docket Numbers 9 and 13.[8]

**IT IS SO ORDERED.**

Dated: August 20, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[6] Plaintiff also challenges removal of this action on two procedural grounds, neither which persuade. First, plaintiff argues that removal was untimely. "The notice of removal . . . shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading . . . , or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). Here, plaintiff caused ICON Clinical to be served with the summons and complaint on May 22, 2020. The last day of the 30-day removal period fell on June 21, 2020. Because that was a Sunday, the deadline for removal was extended to the next day, *see* Fed. R. Civ. P. 6(a)(1)(C)—the day ICON Clinical filed its notice of removal. Second, plaintiff argues that removal was improper because ICON Clinical did not obtain the consent of the other defendants. This is not a requirement of removal under CAFA. *See* 28 U.S.C. § 1453(b) ("A class action may be removed . . . by any defendant without the consent of all defendants."); *Coffey v. Ripple Labs Inc.*, 333 F. Supp. 3d 952, 961 (N.D. Cal. 2018) ("Put simply, a CAFA-qualifying class action may be removed by any defendant."). None of the decisions upon which plaintiff relies compel a different result as they all predate CAFA's enactment.

[7] ICON Clinical argues that even if plaintiff could establish that CAFA's local controversy exception applied, this Court would still have jurisdiction because Holcroft is a sham defendant. The Court does not have enough evidence to rule on the issue at this juncture, and in any event, because ICON Clinical has prevailed in opposing remand, the Court need not rule on this alternative argument. Similarly, because plaintiff's motion for remand is denied, the Court need not and does not address her request for costs and expenses incurred as a result of the removal.

[8] Plaintiff requests judicial notice of (1) three documents highlighting the legislative history of California Labor Code section 558.1, and (2) the notice of removal filed in *Bloomquist*. Because the documents are not necessary to the Court's decision, the request is **DENIED** as moot. Additionally, ICON Clinical's administrative motion to seal (Dkt. No. 13), on which the parties have agreed, is **GRANTED**.