Patrick N. Keegan, Esq. (SBN 167698)
pkeegan@keeganbaker.com
KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008
Tel: (760) 929-9303
Fax: (760) 929-9260

Attorneys for Plaintiff
CHRYSTAL L. MILLER

(Additional counsel listed on following page)

MORGAN, LEWIS & BOCKIUS LLP
Christopher J. Banks, (Bar No. 218779)
christopher.banks@morganlewis.com
Nicole L. Antonopoulos, (Bar No. 306882)
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1000
Fax: +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Andrew P. Frederick, (Bar No. 284832)
andrew.frederick@morganlewis.com
Miranda M. Rowley, (Bar No. 328173)
miranda.rowley@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel: +1.650.843.4000
Fax: +1.650.843.4001

Attorneys for Defendants
ICON CLINICAL RESEARCH LLC; DOCS GLOBAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRYSTAL L. MILLER, individually and on behalf of all others similar situated,

Plaintiff,

vs.

ICON PLC; LYNDA HOLCROFT; ICON CLINICAL RESEARCH LLC; DOCS GLOBAL, INC., and DOES 3-100,

Defendants.

Case No. 20-cv-04117-YGR

**ORDER GRANTING STIPULATION TO REMAND CASE TO STATE COURT**

**Additional Counsel for Plaintiff**

Frank J. Tantone (admitted *pro hac vice*)
BORRELLI & ASSOCIATES, P.L.L.C.
910 Franklin Ave., Suite 200
Garden City, NY 11530-2940
(516) 248-5550
FJT@employmentlawyernewyork.com

Attorneys for Plaintiff
CHRYSTAL L. MILLER

Plaintiff Chrystal Miller ("Plaintiff") and Defendants ICON Clinical Research LLC ("ICON Clinical") and DOCS Global, Inc. ("DOCS Global") (together, "Defendants")[1] (collectively, "the Parties"), by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS, on April 20, 2020, Plaintiff filed an unverified class action complaint ("Complaint") in San Mateo Superior Court alleging five causes of action on behalf of Plaintiff and a putative class of Clinical Research Associates ("CRAs") under California law: (1) alleged failure to pay overtime wages; (2) alleged failure to provide meal and rest periods; (3) alleged failure to provide accurate, itemized wage statements; (4) alleged failure to timely pay all final wages; and (5) alleged unlawful and unfair business acts and practices;

WHEREAS, Plaintiff filed this action against ICON plc, ICON Clinical, DOCS Global, and Lynda Holcroft;

WHEREAS, on June 18, 2020, ICON Clinical and DOCS Global filed their Answer to Plaintiff's Complaint;

WHEREAS, on June 22, 2020, ICON Clinical filed a Notice of Removal with this Court removing the action from San Mateo Superior Court to this Court on the basis that the Court had subject matter jurisdiction under the Class Action Fairness Act ("CAFA");

WHEREAS, on July 22, 2020, Plaintiff filed a motion to remand the case to San Mateo Superior Court on the basis that CAFA's local controversy exception applied, *see* ECF No. 9;

WHEREAS, on August 20, 2020, the Court issued an order denying Plaintiff's motion to remand without prejudice, *see* ECF No. 14 ("Order");

WHEREAS, in the Order, the Court determined that Plaintiff had established all of the requirements of the CAFA local controversy exception, save the requirement that Plaintiff show that "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed";

WHEREAS, pursuant to the Order, the Court permitted Plaintiff to "conduct limited jurisdictional discovery regarding the citizenship of the putative class only";

---

[1] Defendant ICON plc and Defendant Lynda Holcroft have not appeared in the case.

WHEREAS, Plaintiff served discovery requests on Defendants;

WHEREAS, in response to Plaintiff's discovery requests, Defendants determined the following: From April 20, 2016, through June 22, 2020, the date that ICON Clinical removed the action to this Court, ICON Clinical had employed 132 CRAs in California and DOCS Global had employed 39 CRAs in California, for a total of 171 CRAs, which represents the total number of putative class members as of June 22, 2020. Of these 171 CRAs, 161 of the CRAs were citizens of the United States whose last known home address was a California address as of June 22, 2020. Accordingly, over 94% of the putative class had last known addresses in California as of June 22, 2020;

WHEREAS, based on this information, the Parties agree that Plaintiff satisfies the remaining requirement of CAFA's local controversy exception that greater than two-thirds of the putative class be California citizens, *see* 28 U.S.C. § 1332(d)(4); and *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216 (9th Cir. 2020);

WHEREAS, the Parties further agree that this Stipulation is without prejudice to Defendants removing this action to this Court again should Lynda Holcroft be dismissed from the case and that Plaintiff reserves all challenges and objections to any potential future removal of the action;

WHEREAS, the Parties further agree that, based on this Stipulation and the Court's prior Order on Plaintiff's motion for remand, the action should at this time be remanded to the San Mateo County Superior Court; and

WHEREAS, the Parties further agree that they shall bear their own fees and costs associated with the removal to federal court and the remand to state court.

NOW THEREFORE, IT IS HEREBY STIPULATED, by and between Plaintiff and Defendants, through their respective counsel, as follows:

1. The Parties incorporate by reference, and stipulate to, all points and agreements in the above fact section; and
2. The action should be remanded to the San Mateo County Superior Court.

IT IS SO STIPULATED.

Dated: October 29, 2020

KEEGAN & BAKER, LLP

By *\/s/ Patrick N. Keegan*
Patrick N. Keegan

Attorney for Plaintiff
CHRYSTAL L. MILLER

Dated: October 29, 2020

MORGAN, LEWIS & BOCKIUS LLP

By *\/s/ Andrew P. Frederick*
Christopher J. Banks
Andrew P. Frederick

Attorneys for Defendants
ICON CLINICAL RESEARCH LLC and
DOCS GLOBAL, INC.

**ORDER**

For the reasons stated in the Parties' stipulation and for good cause appearing, the Court finds that the local-controversy exception to CAFA applies to this case, 28 U.S.C. § 1332(d)(4), and **REMANDS** this action to the San Mateo Superior Court effective the date of this Order.

**IT IS SO ORDERED.**

Date: November 3, 2020

Yvonne Gonzalez Rogers
United States District Court